THE HONORABLE B. W. THOMAS, DISTRICT JUDGE, sitting in place of MR. JUSTICE HARRISON,
delivered the opinion of the Court.
Defendant was charged in Missoula Municipal Court with sixty parking ordinance violations dating from June 1, 1976, to April 22, 1978. Seventeen of the charges were dismissed because they were filed after the one-year statute of limitations had expired. All but two of the charges were under sections 20-132(c) (now section 10-24-030) and 20-184 (now section 10-54-070), Missoula Municipal Code (parking meter violations). The remaining charges were under sections 20-115 (now section 10-22-040) and 20-118 (now section 10-22-220), M.M.C. (non-parking meter violations). After her conviction in Municipal Court, defendant appealed to District Court. The District Court upheld her conviction.
The case was submitted on the following stipulated facts:
(1) That the defendant is the registered owner of both vehicles involved in this case and that she was the registered owner at all times pertinent to any proceedings herein;
(2) That the meter maids or law officers involved, affixed a notice of violation to the vehicles involved on the dates, times and locations alleged in the notices of violation, which notices are attached to the complaints and incorporated by reference; that all alleged violations occurred within the city limits of the City of Missoula;
(3) That at each of the times such notices of violation were affixed to the vehicles involved, the vehicles were either parked next to a parking meter with a red flag showing violation or that the vehicles were otherwise parked in violation of the city ordinances as alleged in the notices of violation;
(4) That the foregoing stipulated facts are not inclusive to this case, but the same shall be submitted to the court *289 without jury, on which the court may render its verdict and judgment;
(5) That these stipulated facts are for the purposes of trial;
(6) That it is agreed by the parties that the court shall render its decision upon the foregoing stipulated facts and defendant’s plea of “not guilty”.
Defendant raises the following issues:
1. Are the Missoula parking ordinances constitutionally infirm?
2. Are the escalating fine provisions of the Missoula ordinances valid?
3. May a defendant appealing from a municipal court in a traffic case be required to post an appeal bond?
Although there were two charges brought under Missoula Municipal Code sections 20-115 and 20-118, the majority of charges were brought under sections 20-132(c) and 20-184, M.M.C. This opinion applies to all the ordinances. They read as follows: '
“Sec. 20-115. Marking no parking zones. Whenever curbs or curbing are painted yellow in color by the city engineer pursuant to an ordinance or resolution of the city council, no person shall at any time stop, stand or park; or whenever signs are erected by the city engineer pursuant to an ordinance or resolution of the city council which prohibits parking, establish limited time parking zones or in any way limit or restrict parking, no person shall stop, stand or park in violation of the provisions indicated on such signs.”
“Sec. 20-118. Registered owner to be responsible for illegally parked vehicle. Every person in whose name a vehicle is registered or licensed shall be responsible for any parking of the vehicle in violation of this division. It shall be no defense to such charge that the vehicle is illegally parked by another unless it is shown that at such time the vehicle was being used without the consent of the registered owner thereof.”
“Sec. 20-132. Extension of time beyond the legal limit; *290 parking after expiration of time.
“(a) No person shall deposit or cause to be deposited in a parking meter a coin for the purpose of increasing or extending the parking time for any vehicle beyond the legal maximum parking time which has been established for the parking space adjacent to which the parking meter is placed.
“(b) No person shall permit a vehicle to remain or be placed in any parking space adjacent to any parking meter while the parking meter is indicating a signal indicating violation.
“(c) No person shall cause, allow, permit or suffer any vehicle registered in his name or operated or controlled by him to be upon any street within the parking meter zone in any space adjacent to which a parking meter is installed, at any time during which the meter is showing a signal indicating that such space is illegally in use, other than such time as is necessary to operate the meter to show legal parking, between the hours of 9:00 a.m. and 6:00 p.m. of any day, Sundays and legal holidays excepted.”
“Sec. 20-184. Presumption in reference to illegal parking, (a) In any prosecution charging a violation of any law or regulation governing the standing or parking of a vehicle, proof that the particular vehicle described in the complaint was parked in violation of any such law or regulation, together with proof that the defendant named in the complaint was at the time of such parking the registered owner of the vehicle, shall constitute in evidence a prima facie presumption that the registered owner of such vehicle was the person who parked or placed such vehicle where, and for the time during which, such violation occurred.
“(b) The foregoing stated presumption shall apply only when the procedure indicated in sections 20-182 and 20-183 has been followed.”
The second sentence of section 20-118, M.M.C. was eliminated by the city council on July 10, 1978, because of this Court’s decision in the case of State v. Jetty (1978), 176 *291 Mont. 519, 579 P.2d 1228.
The District Court found that the presumption provided for by section 20-184(a), M.M.C. was unconstitutional in that it resulted in an impermissible shifting of the burden of persuasion under the holding in Sandstrom v. State of Montana (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39. The District Court further found that the remaining provisions of the ordinances established a prima facie responsibility upon the registered owner, which that owner had a right to rebut by way of an affirmative defense, following the decision in Jetty. The defendant did not offer any evidence in rebuttal in District Court to show that she was not the person who parked the car.
Defendant contends that a prima facie case that the registered owner parked the vehicle is no different than a presumption that the registered owner parked the car. She makes three arguments in support of her contention: (1) the presumption shifts the burden of persuasion to the defendant, thus violating the due process requirement that the state prove each element of a criminal offense beyond a reasonable doubt; (2) the presumption is not based on a sufficient constitutional nexus between the fact presumed and the fact proved; and (3) the presumption presumes guilt itself, when it should only presume one of the several elements of the crime.
To accept defendant’s arguments would require that we reverse or modify the position taken by this court in State v. Jetty (supra).
In Jetty, this Court had under consideration a City of Livingston parking ordinance. The opinion stated:
“Defendant’s second issue on appeal becomes academic due to this Court’s holding on the first issue. However, because of the wide use of this traffic ordinance throughout the state, we feel it necessary to comment on its constitutionality.
“The Livingston city code, Section 28-264, provides:
‘(a) Every person in whose name a vehicle is registered (li *292 censed) shall be responsible for any parking of such vehicle in violation of this division.
‘(b) It shall be no defense to such charge that such vehicle was illegally parked by another, unless it is shown that at such time the vehicle was being used without the consent of the registered (licensed) owner thereof.’
“The Livingston ordinance is identical to a Seattle, Washington, ordinance which was declared unconstitutional in part by the Washington Supreme Court in City of Seattle v. Stone (1966), 67 Wash.2d 886, 410 P.2d 583.
“We cite City of Seattle v. Stone, supra, with approval and adopt the following rationale:
‘The second sentence of the Seattle ordinance [section 28-264(b), Livingston ordinance] preceding the proviso is patently incompatible with the concept of due process. It purports to make a defendant responsible even though he in fact might not have been responsible for the parking violation.
‘For the reasons indicated, we are forced to strike down as unconstitutional that portion of the second sentence of § 21.66.180 [Livingston ordinance subsection (b)] preceding the proviso, for it deprives an automobile owner of due process of law.
‘We then interpret the remainder of § 21.66.180 [Livingston ordinance 28-264, subsection (a)], as do the authorities heretofore cited, to establish only a prima facie responsibility upon the registered owner, which he has the right to rebut, if he can. This in nowise interrupts the city’s exercise of its police power or its right and power to enforce its parking ordinances ’.(Emphasis added.) 410 P.2d 585. [Bracketed material added.]
“As pointed out, the owner is still prima facie liable under the ordinance and subject to arrest and prosecution. However, he cannot be deprived of his defense that some one else he permitted to use his car was the actual violator.” 176 Mont. at 523, 524, 579 P.2d at 1230-1231.
As the above quotation shows, in Jetty this Court adopted *293 the reasoning of the Washington court in the case of City of Seattle v. Stone, supra, including its holding that a city parking ordinance can make the registered owner prima facie liable so long as he is not deprived of the defense that he was not the actual violator.
We agree with the defendant that to make the owner of a vehicle prima facie liable upon proof that his vehicle has been parked illegally is equivalent to a presumption that the owner parked the vehicle. This requires us to consider whether that presumption, in the light of its effect, meets the constitutional requirements for the use of presumptions in criminal cases.
Since its decision in Seattle v. Stone, supra, the Washington Supreme Court has developed a strict three-part test of the constitutionality of criminal presumptions: (1) although a presumption may shift the initial burden of producing evidence to the defendant, it may not operate to relieve the prosecution of its burden of persuasion on that element by proof beyond a reasonable doubt; (2) the facts presumed must follow from the facts proven beyond a reasonable doubt, and (3) the trier of fact must know that the presumption allows, but does not require, it to infer the presumed fact from proof of the operative fact. State v. Roberts (1977), 88 Wash.2d 337, 562 P.2d 1259. Based on those requirements, the Washington Court of Appeals in City of Spokane v. Potter, Opinion No. 3699, September 23, 1980, found that a presumption similar to the one we are dealing with here, appearing in a Spokane parking ordinance, was unconstitutional, relying on Roberts as prevailing over Seattle v. Stone, supra. Although these Washington decisions are not binding on us, they indicate an erosion of the foundation for the Jetty holding.
Decisions of the United States Supreme Court on due process questions are binding on us. The requirements or principles set forth in Roberts stem from United States Supreme Court rulings expressed in such cases as In re Winship (1970), 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 *294 and Sandstrom v. Montana, supra. However, the United States Supreme Court has not gone so far as to require that the nexus between the fact proved and the fact presumed must be established beyond a reasonable doubt. Instead, that Court has said that there must at least be “substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend.” Leary v. United States (1969), 395 U.S. 6, 36, 89 S.Ct. 1532, 1548, 23 L.Ed.2d 57, 82.
Under the rule in Jetty, the City need only prove the act of parking and the registered ownership of the vehicle to make a prima facie case of guilt. The burden then shifts to the owner to establish that she was not the driver. The act of illegal parking becomes an essential element of the offense, which the City is permitted to prove by means of the presumption. Rule 301(b)(2), Mont.R.Evid., states that a disputable presumption “may be overcome by a preponderance of evidence contrary to the presumption. Unless the presumption is overcome, the trier of fact must find the assumed fact in accordance with the presumption.” Thus, the trier of fact is not free to accept or reject the presumption. The effect of the presumption is to violate constitutional due process requirements by shifting the burden of persuasion to defendant and contradicting the presumption of innocence.
We therefore come to the conclusion that' the prima facie presumption is unconstitutional and invalid. The ruling in Jetty relative to the validity of the portion of the above-quoted Livingston ordinance and the prima facie responsibility of the registered owner was given for the express purpose of providing future guidance to cities. The ruling was not necessary to the decision in that case. It cannot stand.
We have also reached the conclusion that we should reconsider the holding in Jetty which struck from the Livingston ordinance, on due process grounds, the following provision:
“It shall be no defense to such charge that such vehicle *295 was illegally parked by another, unless it is shown that at such time the vehicle was being used without the consent of the registered (licensed) owner thereof.” Livingston City Code, section 28-264(b).
That provision made the registered owner vicariously liable for the illegal parking of a vehicle by one who was driving with the permission of the owner. Under such a provision, no presumption is involved in determining the liability of the owner. The offense constitutes only two elements, the registered ownership and the illegal parking. There is absolute liability on the part of the registered owner upon proof of those two elements.
“While as a general rule, one person is not liable for the criminal acts of another in which he did not participate either directly or indirectly, there is a class of cases which form an exception to such general rule; [those] cases relate] to criminal responsibility for the maintenance of a public nuisance and for the violation of revenue and police regulations by one’s agent or servant.” State v. Erlandson (1952), 126 Mont. 316, 249 P.2d 794. This principle has been applied to traffic regulations. Commonwealth v. Ober (1934), 286 Mass. 25, 189 N.E. 601, City of Chicago v. Crane (1943), 319 Ill.App. 623, 49 N.E.2d 802; City of Chicago v. Hertz Commercial Leasing Corp. (1978), 71 Ill.2d 333, 375 N.E.2d 1285.
Montana statutes contemplate the imposition of vicarious liability in certain criminal offenses. Section 45-2-301, MCA, provides: “Accountability for conduct of another. A person is responsible for conduct which is an element of an offense if the conduct is either that of the person himself or that of another and he is legally accountable for such conduct as provided in 45-2-302, or both.”
Section 45-2-302, MCA, provides: “When accountability exists. A person is legally accountable for the conduct of another when: . . .(2) The statute defining the offense makes him so accountable;”
The Commission Comment for this subsection states:
*296 “Subsection (2) makes clear a person may be held legally accountable in circumstances not otherwise included in section 94-2-107 [R.C.M. 1947, now 45-2-302, MCA], where the particular statute so provides. . . An example of such a statute might be one imposing vicarious criminal liability on a tavern owner for the act of an employee resulting in sale of liquor to a minor.”
We hold that vicarious criminal responsibility can be imposed, without breaching due process restrictions, in the regulation of traffic and the parking of motor vehicles. Jetty is overruled insofar as it holds to the contrary.
In addition to the statutes quoted above, section 45-2-104, MCA, is pertinent here. That section reads as follows:
“Absolute liability. A person may be guilty of an offense without having, as to each element thereof, one of the mental states described in subsections (33), (37), and (58) of 45-2-101 only if the offense is punishable by a fine not exceeding $500 and the statute defining the offense clearly indicates a legislative purpose to impose absolute liability for the conduct described.”
The next question which we must consider is whether a city has authority to adopt a vicarious liability parking ordinance. We hold that it does have that authority. Section 7-5-4101, MCA, reads as follows:
“General powers of municipal council. The city or town council has power to make and pass all bylaws, ordinances, orders, and resolutions not repugnant to the constitution of the United States or of the state of Montana or to the provisions of this title, necessary for the government or management of the affairs of a city or town, for the execution of the powers vested in the body corporate, and for the carrying into effect the provisions of this title.”
Section 61-12-101(1), MCA, provides that a city may, within the reasonable exercise of its police power, regulate the standing and parking of vehicles.
We find nothing repugnant to the United States or Montana constitutions in a vicarious liability parking ordinance. *297 We find such an ordinance to be within the reasonable exercise of police power, if it conforms with the requirements of Section 45-2-104, MCA, that the offense be punishable by a fine not exceeding $500 and that the ordinance defining the offense clearly indicates a legislative purpose to impose absolute liability arising from the ownership of the vehicle.
The Missoula ordinances provide a minimum fine of $1.00 for parking meter violations if appearance or payment is made at the police station within fourteen days; otherwise, two dollars. For other parking violations, the minimum fine is $4.00 if appearance is made at the police station within three days; otherwise, $8.00. For both kinds of violations, the minimum fine is $10.00 if a warrant for arrest is issued. It appears that the maximum penalty is ninety days in jail and a $300.00 fine. Missoula Municipal Code, Section 20-2; section 7-5-109, MCA.
The Missoula ordinances prior to July 10, 1978, clearly indicated a legislative purpose to impose absolute liability on the registered owner of a motor vehicle for parking violations. However, since the maximum penalty to which the owner is subject under those ordinances exceeds the maximum allowed by section 45-2-104, MCA, those ordinances cannot be accepted as valid instruments for the imposition of vicarious liability. Because of that determination and our holding above that the defendant cannot be held prima facie responsible under a presumption that she was the one who illegally parked a vehicle registered in her name, the judgment below must be reversed.
The prevalence of similar ordinances throughout Montana makes it imperative we address the remaining issues: (1) the validity of escalating fines, and (2) the necessity of filing an appeal bond.

Escalating fines

The relevant Missoula parking meter ordinances were discussed above. The municipal court declared unconstitutional the $10.00 fine assessable upon the issuance of an ar *298 rest warrant, and the city has not appealed from that decision. The District Court left undisturbed the penalty imposed by the municipal court. The pertinent issue raised in defendant’s appeal is the validity of those provisions of the ordinances which increase the fine for failure to make payment or an appearance within the time limits stated.
In our view, those provisions are in violation of the basic principle of criminal law that punishment must be for the violation itself and must be proportional to the gravity of the offense. They are designed not to punish for the offense, but to encourage early payment of the fine. While such a scheme may be acceptable in enforcing civil penalties, we hold that the escalating fine provisions of the Missoula ordinances violate Article II, Section 28 of the Montana Constitution, which provides that laws for the punishment of crime shall be founded on principles of prevention and reformation.

Appeal Bond

The case of State v. Bush (1974), 164 Mont. 81, 518 P.2d 1406, interprets section 46-17-311, MCA, as requiring that a bond be furnished in order to perfect an appeal in a criminal case from a city or justice court to the District Court. We cannot reason from the holding of that case that appeal bonds are necessary when appeals are taken from municipal courts, since those courts are governed by different statutes than those which apply to justice and city courts. In particular, section 3-6-104, MCA, provides that a municipal court shall establish rules for appeals to the District Court, subject to the Supreme Court’s rule-making and supervisory authority. Nothing in the record here shows that the municipal court of Missoula has adopted rules governing appeals, or that any such rules have been approved by the Supreme Court.
Proceedings and practice in municipal court are required by section 46-17-401, MCA, to be the same as in District Court, except as provided by Title 3, Chapter 6, and Part 4 of Title 46, Chapter 17, MCA. Examination of those parts *299 of the Code reveals no reference to appeals from municipal court except those contained in section 3-6-104, MCA, mentioned above. Practice in District Court does not require the filing of a bond to perfect an appeal in a criminal case.
Since there is no showing that an appeal bond requirement is contained in properly approved rules of the municipal court, and there is no requirement for an appeal bond in District Court practice, we conclude that the municipal court here could not require that a bond be filed before the appeal to the District Court was perfected. We distinguish the furnishing of an appeal bond from the furnishing of a bail bond on appeal, which can be required under section 46-9-103, MCA.
We reverse the decision of the District Court. The complaints against appellant are dismissed.
MR. JUSTICES MORRISON, DALY, SHEEHY and WEBER concur.