DA 09-0034

# IN THE SUPREME COURT OF THE STATE OF MONTANA

## 2009 MT 304

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

CHARLES DUANE BLUE,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DC 07-100
Honorable Robert L. Deschamps III, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Michael B. Grayson; Grayson Law Firm, Anaconda, Montana

      For Appellee:

      Hon. Steve Bullock, Montana Attorney General; Sheri K. Sprigg,
Assistant Attorney General, Helena, Montana

      Fred Van Valkenburg, Missoula County Attorney; Shawn P. Thomas,
Deputy County Attorney, Missoula, Montana

Submitted on Briefs:  August 12, 2009

Decided:  September 15, 2009

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Charles Duane Blue appeals from a sentence imposed after his guilty plea to a fourth offense of driving under the influence of alcohol, §§ 61-8-401 and -731, MCA.  In particular, Blue appeals  from the District Court's Opinion and Order of August 21, 2008, denying his motion to dismiss.  We affirm.

¶2     Blue presents issues for review that we restate as follows:

¶3     Issue One:  Whether Blue was properly charged and sentenced for a fourth DUI offense.

¶4     Issue Two:  Whether § 61-8-734(1)(b), MCA, violates the right to equal protection guaranteed by the Montana Constitution.

¶5     Issue Three:  Whether § 61-8-734(1)(b), MCA, violates Article II, § 28(1) of the Montana Constitution.

### PROCEDURAL AND FACTUAL BACKGROUND

¶6     On March 5, 2007, Blue drove his truck off of Mullen Road in Missoula County, through a fence, across a yard and into a power pole.  When the investigating Highway Patrol officer arrived, he found Blue unsteady on his feet, smelling of alcohol, and with bloodshot eyes and a urine stain on the crotch of his trousers.  Blue performed poorly on field sobriety tests and a breath sample registered a blood alcohol concentration of .158.

¶7     Blue was charged with DUI as a result of the crash;  it was a felony based upon his three prior convictions for DUI.  He moved to dismiss based upon arguments similar to those raised in this appeal, and the District Court by Opinion and Order filed August 21,

2008, denied the motion. Blue then pled guilty to the DUI charge, reserving his right to appeal the denial of his motion to dismiss. The District Court sentenced Blue to a 13-month commitment to the Department of Corrections, for placement in the State's "WATCh" residential alcohol treatment program. The sentence further subjected Blue to a suspended 3-year commitment to the Montana State Prison and a fine.

¶8 Prior to the 2007 incident, Blue had three convictions for DUI. In 1995 he was charged with two DUI offenses on the same night. He was stopped for DUI, arrested, and released when he posted bond. He returned to his vehicle and when he tried to drive it was arrested again for DUI. He pled guilty to the two DUI offenses and received concurrent sentences of one day in jail for each of the two offenses. In 2000 Blue was charged with another DUI offense that the charging documents called "DUI (3rd)." As part of a plea bargain, the prosecutor filed a motion for an order "amending the charge from DUI (3rd) to DUI (2nd) . . . ." The District Court granted the motion, and Blue pled guilty to the charge and was sentenced in 2001.

## STANDARD OF REVIEW

¶9 Absent a factual dispute, a decision on a motion to dismiss is an issue of law reviewed de novo to determine whether it is correct. *State v. Goebel*, 2001 MT 73, ¶ 10, 305 Mont. 53, 31 P.3d 335. This Court's review of issues of constitutional law is plenary. *State v. Aceto*, 2004 MT 247, ¶ 15, 323 Mont. 24, 100 P.3d 629.

## DISCUSSION

¶10 *Issue One: Whether Blue was properly charged and sentenced for a fourth DUI offense.* It is unlawful in Montana for a person under the influence of alcohol or drugs to

be in actual physical control of a vehicle. Section 61-8-401, MCA. Section 61-8-714, MCA, provides separate misdemeanors penalties for first, second or third convictions for violations of § 61-8-401, MCA. After "any combination of three or more prior [DUI] convictions" subsequent DUI convictions are felonies punishable as provided in § 61-8-731, MCA. For convictions one through three, a person is deemed to have a prior DUI conviction if less than five years have elapsed since the last offense. After three DUI convictions, "all previous convictions must be used for sentencing purposes" regardless of when they occurred. Section 61-8-734(1)(b), MCA.

¶11 Blue contends that since the charge against him in 2001 was amended to "DUI (2nd)" instead of the original title of "DUI (3rd)" he could not have been sentenced for a fourth offense of DUI in 2007. This argument is contrary to the express wording of the applicable statutes. Section 61-8-734(1)(b), MCA, provides that for determining whether a person has committed a fourth DUI offense, "all previous convictions must be used." Section 61-8-731(1), MCA, provides that a fourth DUI offense occurs after "*any combination* of three or more prior convictions" for DUI. (Emphasis added.) These statutes count any prior DUI convictions, and Blue clearly had three prior DUI convictions when he was charged with DUI in 2007. Under the applicable statutes, he was properly sentenced as a fourth DUI offender.

¶12 Blue argues that the State was estopped from charging him with a fourth offense of DUI because of the amendment of his third conviction to carry the title "DUI (2nd)" as part of the plea bargain in that case. The State's 2001 motion to amend the title of the charge says only that "the amended charge will conform to the evidence that the State

4

will present at trial." The District Court's order granting the motion says nothing of substance and the plea bargain document itself is likewise silent on this point. The District Court's sentencing document, dated April 12, 2001, is on a form ambiguously titled "DUI Second or Third Offense." Nothing in the record indicates that the State made any commitment to Blue that he could subsequently commit DUI and have the offense counted for something other than what it was.

¶13　In summary, the record does not support an argument that the State was estopped from changing Blue with a fourth DUI offense when he committed a fourth DUI offense, as required by §§ 61-8-731 and -734, MCA. The State cannot be estopped by a commitment or agreement it never made. Blue cannot, as a matter of public policy, claim a right based on estoppel to re-offend and receive a lesser penalty than the law provides. *State v. Darrah*, 2009 MT 96, ¶ 15, 350 Mont. 70, 205 P.3d 792. Blue got the benefit of the plea bargain that he agreed to in 2001. He was exposed to a lesser penalty at that time because he was sentenced as a second-time DUI offender by agreement with the State and that matter is concluded.

¶14　Moreover, a title placed on the charge is not material to counting the number of offenses under the statutory scheme for DUI sentencing. That scheme, noted above, counts each conviction without regard to what the charge or conviction was called at the time. A "conviction" for purposes of counting DUI offenses includes "conviction for a violation of a similar statute or regulation in another state or on a federally recognized Indian reservation, or a forfeiture of bail or collateral . . . . " Section 61-8-734(1), MCA. The statute clearly requires assessment by the number of convictions for the same type of

5

offense, not by what those offenses may be called. All DUI offenses under Montana law are a violation of § 61-8-401, MCA, and designation or proof of a particular offense as a first, second or subsequent DUI is not an element of the crime. *State v. Sanders*, 208 Mont. 283, 291, 676 P.2d 1312, 1316 (1984).

¶15 Blue was properly charged and sentenced for a fourth conviction for violating § 61-8-401, MCA.

¶16 *Issue Two: Whether § 61-8-734(1)(b), MCA, violates the right to equal protection guaranteed by the Montana Constitution.* There are statutory differences between the punishments that can be imposed for a person's first through third DUI offenses. As long as less than five years have elapsed between offenses, the possible punishments for those first three successive convictions are more severe. If more than five years elapses between one offense and the next, then the possible punishments do not increase. Once a person is convicted of a fourth DUI offense, the five-year look-back no longer applies and all DUI offenses are counted to determine whether the offense is a felony and which statutory punishment applies.

¶17 Blue contends that this system deprives him of equal protection. Montana's equal protection clause is in Article II, § 4 of the Montana Constitution, providing that no person "shall be denied the equal protection of the laws."

¶18 Constitutional guarantees of equal protection allow wide discretion in the adoption of criminal laws, and prohibit only laws that are arbitrary because they make classifications without any reasonable basis. A classification need not be made with mathematical precision and is not invalid because it results in some inequality. *Sanders*,

6

208 Mont. at 288, 676 P.2d at 1315. The first step in an equal protection analysis is to identify the classes established by the statute. *Ressor v. Mont. State Fund*, 2004 MT 370, ¶ 10, 325 Mont. 1, 103 P.3d 1019. Blue contends that there are two classes in the DUI statutes—persons with three or fewer convictions and persons with more than three convictions. Accepting for purposes of discussion that the statute establishes these classes, the next step in an equal protection analysis is to identify the appropriate level of scrutiny to apply to the legislation.

¶19 A due process analysis applies three differing levels of scrutiny to a statutory classification, depending upon the nature of the interest involved. *State v. Strong*, 2009 MT 65, ¶ 16, 349 Mont. 417, 203 P.3d 848. When a classification affects a suspect class of persons or affects a fundamental right, then the State bears the burden to show that the statute is narrowly drawn to serve a compelling governmental interest. When other less fundamental rights are involved, the statute is reviewed to determine whether it is reasonable or, whether it has a rational basis. *Reesor*, ¶ 13

¶20 Blue contends that the DUI statutes discriminate on the basis of age.[1] He bases this upon the contention that it takes longer for a person to accumulate four DUI convictions, so that persons who do so are likely to be older than persons just starting out on their DUI conviction careers. While this may be true in some cases, the age at which a person is convicted of a fourth DUI offense is determined by the offender. If the offender

---

[1] Blue attached factual materials to his brief on appeal in support of the age argument, and he referred to these materials in his argument. These materials were not part of the record below. It is improper for counsel to inject materials outside the record, and it is in violation of the Rules of Appellate Procedure, 8(1). This is not countenanced by the Court and the attached materials were not used in the preparation of this opinion.

offends early and often, he may be quite young when the fourth conviction comes around. Blue, for example, managed to acquire two DUI charges in the same day for his first and second convictions. It is the offender who determines his age at the time of his fourth DUI conviction, not the statutes. The DUI statutes do not discriminate on the basis of age either facially or in practice. Moreover, even when a criminal statute makes sentencing classifications based upon age, it is not a "suspect classification" that requires application of strict scrutiny in the context of due process. *Strong*, ¶ 18. Therefore, there is no reason to require the State to show a compelling interest in the classifications in the DUI statutes.

¶21 Blue next contends that even if the compelling State interest test is not applied, there is no rational basis for the differences in sentencing treatment among successive DUI convictions. We disagree. This Court has for decades noted the public outrage toward the crime of drunk driving and the carnage caused by drunk drivers. The "courts have recognized that drunk drivers have cut a wide swath of death and destruction nationwide. We note that Montana has also suffered the effects of this national tragedy." *State v. Burns*, 213 Mont. 372, 377, 691 P.2d 817, 820 (1984). Persons who repeatedly drive while intoxicated present a special concern to the public safety. It is the responsibility of the legislature to distinguish criminal offenses and establish the punishments. Different treatment is permissible as long as it is not based upon impermissible classifications such as race, sex or religion. *Burns*, 213 Mont. at 378, 691 P.2d at 821.

8

¶22 A person convicted of an offense is eligible for the punishment authorized by statute, as long as the penalty is not cruel and unusual punishment and is not based upon an arbitrary distinction. *State v. Webb*, 2005 MT 5, ¶ 18, 325 Mont. 317, 106 P.3d 521. Montana law recognizes that the State has a compelling interest in discouraging repeat offenders through escalating criminal penalties. Persistence in crime and failure of earlier discipline are recognized as lawful justifications for increasing punishment for subsequent offenses. *Burns*, 213 Mont. at 378, 691 P.2d at 821. A "distinction between first-time offenders and repeat offenders is not an arbitrary distinction because it fits with Montana's public policy to discourage repeat offenders and increase the public's sense of safety." *Webb*, ¶ 24. This Court has also noted:

> the state enforces its criminal laws for the benefit and protection of other fundamental rights of its citizens. Montana has a compelling interest to remove drunk drivers from our roadways. This compelling interest is embodied in . . . § 61-8-401, MCA, . . . as well as §§ 61-8-714, -722 and -723, MCA (1995) (providing escalating penalties for repeat offenders).

*Hulse v. Department of Justice*, 1998 MT 108, ¶ 34, 289 Mont. 1, 961 P.2d 75 (citations omitted). The Montana Constitution does not include a right to be sentenced without regard to prior convictions. *Sanders*, 208 Mont. at 287, 676 P.2d at 1314. The assumption that a prior offender is a greater danger to the public is reasonable. *Sanders*, 208 Mont. at 289, 676 P.2d at 1315. Therefore, under Montana law, even if the highest degree of equal protection analysis were imposed, requiring the State to show a compelling interest in the DUI punishment statutes, such an interest exists as a matter of law. The DUI statutes therefore withstand analysis and there is no equal protection violation.

9

¶23 *Issue Three: Whether § 61-8-734(1)(b), MCA, violates Article II, § 28(1) of the Montana Constitution.* Blue argues that he cannot be sentenced as a fourth DUI offender without first having been sentenced as a third DUI offender. He bases this argument on Article II, § 28 of the Montana Constitution and *City of Missoula v. Shea*, 202 Mont. 286, 661 P.2d 410 (1983). Article II, § 28 of the Montana Constitution provides that laws for the "punishment of crime shall be founded on the principles of prevention, reformation, public safety and restitution for victims." Blue argues that he had a right to experience the progressive discipline of DUI convictions one through three before he could be sentenced for a fourth DUI conviction. He acknowledges that there is no case law supporting this position, other than perhaps *Shea*.

¶24 *Shea* dealt primarily with a constitutional challenge to several municipal parking violation statutes. The opinion briefly discusses Shea's attack upon the parking ordinances because the fine increased if the offender failed to pay the original ticket on time. This Court struck that provision because it was not designed to punish for the offense, but to encourage early payment of the fine. This violated the "basic principle of criminal law that punishment must be for the violation itself and must be proportional to the gravity of the offense" as embodied in Article II, § 28 of the Montana Constitution. *Shea*, 202 Mont. at 298, 661 P.2d at 416.

¶25 The district court, being in a unique position to know, determined that the *Shea* decision is "distinguishable in many ways." The statutory scheme for punishing DUI offenses is materially different from the parking fine scheme in *Shea*. Rather than escalating the punishment for the same offense, the DUI statutes provide discrete

10

punishments for discrete convictions. This is within the province of the legislative power to distinguish among criminal offenses and to establish punishments. *Webb*, ¶ 37. The *Shea* decision does not support Blue's argument.

¶26 This Court has held that the Montana Constitution gives the legislature the power to distinguish between criminal offenses and to establish punishments, based upon the principles of "prevention, reformation, public safety and restitution for victims" expressed in Article II, § 28 of the Montana Constitution. *Webb*, ¶ 37. Even before Article II, § 28 of the Montana Constitution was amended in 1999 to include consideration of "public safety and restitution for victims," this Court held that the sentencing classifications for DUI offenders complied with that provision. In *Burns* we held that a prison sentence for a repeat DUI offender did not violate the principles of Article II, § 28 of the Montana Constitution. *Burns*, 213 Mont. at 379-80, 691 P.2d at 821-22. A sentencing limitation or condition that is "reasonably related to the objectives of rehabilitation and protection of the victim and society" is proper. *State v. Lucero*, 2004 MT 248, ¶ 30, 323 Mont. 42, 97 P.3d 1106. When Blue was convicted of his fourth DUI offense, he was subject to a constitutionally-appropriate sentence provided by the legislature.

¶27 Affirmed.


/S/ MIKE McGRATH

11

We concur:

/S/ BRIAN MORRIS
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE