
DA 11-0472

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 251

STATE OF MONTANA,

        Plaintiff and Appellee,

  v.

ELMER RAY YOUNG,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC-10-3383
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Lisa B. Kauffman, Attorney at Law, Missoula, Montana

        For Appellee:

        Steve Bullock, Montana Attorney General, Micheal S. Wellenstein,
Assistant Attorney General, Helena, Montana

        Jed Fitch, Beaverhead County Attorney, Dillon, Montana

        Submitted on Briefs:  June 6, 2012

        Decided:  November 7, 2012

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Elmer Young appeals a decision of the District Court for the Fifth Judicial District, Beaverhead County, denying his motion to dismiss a felony charge of Driving Under the Influence (DUI).  We affirm.

¶2     Young raises two issues on appeal which we have consolidated into the following issue:  Whether the District Court erred in determining that Idaho's DUI statute is similar enough to Montana's DUI statute to allow the enhancement of a Montana DUI to a felony.

### Factual and Procedural Background

¶3     On August 26, 2010, the State charged Young with DUI, Criminal Possession of Dangerous Drugs, and Criminal Possession of Drug Paraphernalia.  While the two drug counts were charged as misdemeanors, the DUI count was charged as a felony because the State maintained that Young had three prior DUI convictions.  Young had been convicted of DUI in Idaho in 1991 and 1997, and in Montana in 2000.

¶4     On February 4, 2011, Young filed a Motion to Dismiss Felony DUI Charge arguing that his two Idaho DUI convictions should not be counted because the Idaho DUI statute is not similar to Montana's DUI statute.  Young claimed that Montana's statute requires a greater standard of culpability to be found guilty of a DUI than Idaho's statute requires.  The District Court disagreed and denied Young's motion.

¶5     In its order denying Young's motion to dismiss, the District Court determined that both the Montana and Idaho DUI statutes use the term "be in actual physical control" of a vehicle, and both statutes target driving while impaired by either alcohol or drugs.  The

2

court also determined that "[w]ithout question the general purpose of each statute is to prohibit people from driving when they are unable to do so safely." Thus, the court concluded that while the statutes are not precisely identical, they are similar because they have characteristics in common and are alike in substance.

¶6 Thereafter, the State and Young entered into a plea agreement in which Young agreed to plead guilty to felony DUI, and the State agreed to dismiss the misdemeanor charges of Criminal Possession of Dangerous Drugs and Criminal Possession of Drug Paraphernalia. In addition, Young reserved the right to appeal the District Court's denial of his motion to dismiss the felony DUI charge.

¶7 Pursuant to the plea agreement, Young pled guilty to felony DUI on June 2, 2011. The District Court sentenced Young to the Montana Department of Corrections WATCh program for a period of 13 months followed by a five-year suspended sentence. The District Court also dismissed the two misdemeanor drug charges, and stayed the imposition of Young's sentence pending the outcome of this appeal.

**Standard of Review**

¶8 We review a district court's conclusions of law regarding the application of a statute to determine whether that court's interpretation of the law is correct. *State v. Peplow*, 2001 MT 253, ¶ 17, 307 Mont. 172, 36 P.3d 922 (citing *State v. Henning*, 258 Mont. 488, 490-91, 853 P.2d 1223, 1225 (1993)).

**Discussion**

¶9 *Whether the District Court erred in determining that Idaho's DUI statute is similar enough to Montana's DUI statute to allow the enhancement of a Montana DUI to a felony.*

3

¶10    Section 61-8-734(1)(a), MCA, provides in pertinent part:

> For the purpose of determining the number of convictions for prior offenses referred to in 61-8-465, 61-8-714, 61-8-722, or 61-8-731, "conviction" means a final conviction . . . in this state [or a] conviction for a violation of a *similar* statute or regulation in another state . . . . [Emphasis added.]

Thus, Young argues that in order to use his Idaho DUI convictions to enhance his current Montana DUI to a felony, Idaho's DUI statute must be "similar" to Montana's DUI statute. Young maintains that the statutes are not similar because Montana's DUI statute requires a higher standard of culpability than Idaho's DUI statute.

¶11    The State argues that the Idaho and Montana DUI statutes are similar because both statutes prohibit a person from driving while under the influence of alcohol or drugs. The State also argues that although the wording of the statutes is slightly different, their definitions of the phrase "under the influence" are essentially the same since both definitions require the consumption of alcohol or drugs to affect a person's ability to drive a motor vehicle.

¶12    Montana's DUI statute provides that "[i]t is unlawful and punishable . . . for a person who is *under the influence of*" alcohol "to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401(1), MCA (emphasis added). Idaho's DUI statute, on the other hand, provided in 1991 and 1997[1] when Young received his DUIs in that state:

---

[1] The 1991 and 1997 Idaho DUI statutes are identical except that the 1991 Idaho DUI statute made it a crime for an individual to drive with an alcohol concentration of 0.10 or

4

It is unlawful for any person who is *under the influence of* alcohol, drugs or any other intoxicating substances . . . to drive or be in actual physical control of a motor vehicle within this state, whether upon a highway, street or bridge, or upon public or private property open to the public.

Idaho Code § 18-8004(1)(a) (emphasis added).

¶13    Thus, the Montana and Idaho DUI statutes are nearly identical.  The difference, according to Young, is in how each state defines the phrase "under the influence."  In Montana, " '[u]nder the influence' means that as a result of taking into the body alcohol, drugs, or any combination of alcohol or drugs, a person's ability to safely operate a vehicle has been diminished."  Section 61-8-401(3)(a), MCA.  Diminished in this context means "reduced or to a lesser degree."  *State v. Polaski*, 2005 MT 13, ¶ 22, 325 Mont. 351, 106 P.3d 538 (quoting Webster's Third New International Dictionary 634 (1971)).  The Idaho statutes do not define the phrase "under the influence."

¶14    Young argues that the Montana and Idaho DUI statutes are not similar because the Idaho Court of Appeals in *State v. Schmoll*, 172 P.3d 555, 556 (Idaho Ct. App. 2007), defined "under the influence" as "impairment of driving ability to the slightest degree," and this Court in *State v. McNally*, 2002 MT 160, ¶ 22, 310 Mont. 396, 50 P.3d 1080, stated that in Montana, "a person simply may not be convicted for DUI if his or her ability is impaired 'to the slightest degree.' "  As support for his argument, Young quotes the following language from *Schmoll* in his brief on appeal:

Proving that a person is under the influence absent a BAC test requires a greater degree of impairment in Montana than in Idaho, since in Idaho, the ability to drive need only be impaired "to the slightest degree," while in

more, while the 1997 Idaho DUI statute made it a crime for an individual to drive with an alcohol concentration of 0.08 or more.

5

> Montana, the ability to drive "safely" is the quality that must be diminished. Impairment to the slightest degree is an equal or lesser standard than the diminished ability to drive safely test used by Montana; thus Montana's higher standard surpasses the elements required for a violation in Idaho.

*Schmoll*, 172 P.3d at 559.

¶15 However, contrary to Young's contentions, the court in *Schmoll* went on to explain that the Montana and Idaho statutes *are* similar as they "frame their prohibitions using the same language, requiring substantially conforming elements to be met to sustain a violation." *Schmoll*, 172 P.3d at 559. The court concluded by stating that "[t]he prohibited act of driving under the influence in Montana substantially conforms to the prohibited act of driving under the influence in Idaho." *Schmoll*, 172 P.3d at 560.

¶16 Furthermore, as the District Court pointed out in its order denying Young's motion to dismiss, *McNally* addressed a situation in which the convictions from the other jurisdiction stemmed from a statute that had no counterpart in Montana law. In *McNally*, the State requested that McNally be sentenced for felony DUI based in part on four previous convictions in Colorado. *McNally*, ¶ 3. At that time, Colorado prohibited at least three different alcohol driving offenses: DUI, DUI per se (driving with a blood alcohol content of 0.10 or more), and Driving While Ability Impaired (DWAI). Montana had essentially comparable statutes for DUI and DUI per se, but there was no Montana counterpart for DWAI, the offenses for which McNally had been convicted. *McNally*, ¶¶ 8-10. By contrast, in the instant case, Young's convictions in Idaho resulted from a DUI statute with language nearly identical to Montana's DUI statute.

6

¶17   In addition, the day after the Idaho Court of Appeals handed down its decision in *Schmoll*, the Supreme Court of Idaho (Idaho's highest court) held that "[i]n order to be 'under the influence,' a person need only have consumed sufficient alcohol and drugs or other intoxicating substances 'to such extent as to influence or affect his driving of the motor vehicle.' " *State v. Oliver*, 170 P.3d 387, 389 (Idaho 2007) (citing *State v. Glanzman*, 202 P.2d 407, 408 (Idaho 1949); *State v. Gleason*, 844 P.2d 691 (Idaho 1992)).

¶18   Therefore, the Idaho Supreme Court's definition of "under the influence" is essentially the same as Montana's definition with its "diminished" standard. Both require more than just drinking and driving; they require the consumption of alcohol or drugs to affect a person's ability to drive. Consequently, we conclude that the consumption of sufficient alcohol or drugs to influence or affect a person's driving is not a lesser standard than if, as a result of consuming alcohol or drugs, a person's ability to safely operate a motor vehicle has been diminished.

¶19   Accordingly, we hold that the District Court did not err in determining that Idaho's DUI statute is similar enough to Montana's DUI statute to allow the enhancement of a Montana DUI to a felony.

¶20   Affirmed.

/S/ JAMES C. NELSON

We Concur:


/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JIM RICE