FILED

October 20 2015

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0243

DA 15-0243

IN THE SUPREME COURT OF THE STATE OF MONTANA

2015 MT 303

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

GARY DENNIS BARRETT,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
                    In and For the County of Beaverhead, Cause No. DC-14-3563
                    Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          John Warren, Davis, Warren & Hritsco, Dillon, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Micheal S. Wellenstein, Assistant Appellate Defender, Nicholas Vandenbos, Legal Intern, Helena, Montana

          Jed Fitch, Beaverhead County Attorney, Dillon, Montana

Submitted on Briefs: September 9, 2015
Decided: October 20, 2015

Filed:

_____
Clerk

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1    Gary Dennis Barrett (Barrett) appeals from an order of the Fifth Judicial District Court, Beaverhead County, denying his motion to dismiss a felony charge of Driving Under the Influence (DUI).  Barrett argues that Idaho's reduction, pursuant to a plea agreement, of Barrett's third DUI conviction to a second DUI, precludes Montana from charging Barrett as a fourth DUI for sentencing purposes.  We affirm.

¶2    We address the following issue appeal:  Whether Barrett was properly sentenced as a fourth DUI offender when one of his predicate DUIs was reduced in Idaho from a third to a second DUI pursuant to a plea agreement.

### FACTUAL AND PROCEDURAL BACKGROUND

¶3    Barrett, a resident of Idaho, was pulled over by police on January 27, 2014, after he failed to stop at an intersection in Dillon, Montana.  The Officer noted the smell of alcohol, that Barrett's speech was slurred, and that he had red eyes.  Barrett failed the Standardized Field Sobriety Tests and was detained.  A Preliminary Breath Test administered at the detention facility revealed a 0.140 blood alcohol content.  Barrett was charged with DUI, fourth or subsequent offense, in violation of § 61-8-401, MCA.  Barrett filed a motion to dismiss the felony DUI charge, arguing that the charge was his third DUI offense.

¶4    The stipulated facts concerning Barrett's three prior Idaho DUI convictions are as follows:  On March 9, 2004, and again on January 20, 2009, Barrett pleaded guilty to DUI in violation of Idaho Code § 18-8004.  On September 25, 2010, Barrett was charged with his third DUI violation in ten years, a felony under Idaho Code §§ 18-8004 and

2

18-8005(6). To avoid the felony enhancement, Barrett reached a plea agreement with the State of Idaho which amended the charge to DUI "Second Offense" under § 18-8004. Barrett was convicted of this charge on January 18, 2011.

¶5 The District Court concluded that Barrett had three prior convictions for DUI and that the label Idaho placed on the convictions was immaterial. The District Court noted that all of the convictions remained valid and had not been expunged, dismissed, or vacated. Barrett agreed to plead guilty and the District Court sentenced Barrett under Montana's DUI Statutes, §§ 61-8-401, -731, MCA, as a fourth or subsequent DUI offender.

**STANDARD OF REVIEW**

¶6 Absent a factual dispute, a decision on a motion to dismiss is an issue of law which we review de novo for correctness. *State v. Blue*, 2009 MT 304, ¶ 9, 352 Mont. 382, 217 P.3d 82. We exercise plenary review for questions regarding constitutional law. *State v. Johnson*, 2015 MT 221, ¶ 10, 380 Mont. 198, ___ P.3d ___.

**DISCUSSION**

¶7 *Whether Barrett was properly sentenced as a fourth DUI offender when one of his predicate DUIs was reduced in Idaho from a third to a second DUI pursuant to a plea agreement.*

¶8 In Montana, an offender's first, second, and third convictions for DUI are punished as misdemeanors. Section 61-8-714, MCA. The fourth or subsequent conviction is punished as a felony. Section 61-8-731, MCA. For purposes of determining the number of prior convictions, a "conviction" means a final conviction, as defined in § 45-2-101, MCA, as well as a "conviction for a violation of a similar statute

3

or regulation in another state." Section 45-2-101(16), MCA. Guilty pleas are included in Montana's definition of "conviction." Section 45-2-101(16), MCA. With an offender's third or subsequent DUI offense, all previous convictions must be used for sentencing purposes. Section 61-8-734(1)(b), MCA. The title placed on a charge is not material to counting the number of offenses. *Blue*, ¶ 14. In *Blue*, we held that the statutory scheme for the DUI statutes provided for increasing gradations of punishments and required that "each conviction [be counted] without regard to what the charge or conviction was called at the time." *Blue*, ¶ 14.

¶9 DUI statutes are deemed similar if they proscribe the same blood alcohol content. *See State v. Calvert*, 2013 MT 374, ¶ 14, 373 Mont. 152, 316 P.3d 173. We have previously determined that Montana and Idaho have substantially similar DUI statutes. *State v. Young*, 2012 MT 251, ¶ 19 366 Mont. 527, 289 P.3d 110. Both states find it unlawful to be in actual physical control of a (noncommercial) vehicle with an alcohol concentration of 0.08 or above. Idaho Code § 18-8004(1)(a); § 61-8-406, MCA. Barrett has stipulated to the fact that he has pleaded guilty on three prior occasions to DUI in violation of Idaho's DUI statutes. Therefore, under Montana's DUI statutes and precedent, a Montana Court is required to count all three of Idaho's prior convictions when sentencing Barrett for his current Montana DUI. We distinguish the present case from our decision in *Cleary* where we recognized South Dakota law provided for an expungement of a charge, precluding it from being counted as a previous conviction for sentence enhancement purposes. *State v. Cleary*, 2012 MT 113, ¶ 25, 365 Mont. 142,

4

278 P.3d 1020. Barrett's DUI conviction has not been expunged, dismissed, or vacated by Idaho.

¶10 Barrett's constitutional argument concerning the Full Faith and Credit Clause of the United States Constitution is unconvincing. Barrett argues that the Montana District Court erred when it gave full faith and credit to Barrett's 2011 DUI conviction but not to Idaho's restatement of the number of prior DUIs for enhancement purposes. He argues that Montana is precluded from counting the 2011 DUI as Barrett's fourth offense.

¶11 Article IV, Section 1 of the United States Constitution provides:

> Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof.

Pursuant to this provision, a foreign judgment rendered by a court with jurisdiction over the subject matter and persons must be given credit by other tribunals. Precedent differentiates, however, "the credit owed to laws (legislative measures and common law) and to judgments. The Full Faith and Credit Clause does not compel 'a state to substitute the statutes of other states for its own statutes dealing with a subject matter concerning which it is competent to legislate.'" *Baker v. General Motors*, 522 U.S. 222, 232, 118 S. Ct. 657 (1998), citing *Pacific Employers Ins. Co. v. Industrial Accident Comm'n*, 306 U.S. 493, 501, 59 S. Ct. 629 (1939); see also *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 818-19, 105 S. Ct. 2965 (1985). "Regarding judgments, however, the full faith and credit obligation is exacting. A final judgment in one State, if rendered by a court with

5

adjudicatory authority over the subject matter and persons governed by the judgment, qualifies for recognition throughout the land." *Baker*, 522 U.S. at 232.

¶12 Therefore, contrary to Barrett's contentions, Montana is required to give full faith and credit to each conviction rendered by Idaho and has done so in this instance. *State v. Berry*, 141 Wash. 2d 121, 129, 5 P.3d 658 (2000). "Full faith and credit, however, does not mean that States must adopt the practices of other States regarding the time, manner, and mechanisms for enforcing judgments. Enforcement measures do not travel with the sister state judgment as preclusive effects do; such measures remain subject to the even-handed control of forum law." *Baker*, 522 U.S. at 233. *See McElmoyle ex rel. Bailey* v. *Cohen*, 13 Peters 312, 325 (1839) (judgment may be enforced only as "laws [of enforcing forum] may permit"); *see also Restatement (Second) of Conflict of Laws* § 99 (1969) ("The local law of the forum determines the methods by which a judgment of another state is enforced."). Montana courts accordingly must give full faith and credit to the Idaho judgment, but may enforce it according to Montana's statutory scheme for DUI penalties.

## CONCLUSION

¶13 Montana law requires all prior DUI convictions be counted when determining whether felony enhancement is appropriate. The Full Faith and Credit Clause of the United States Constitution does not require that we ignore that Barrett has three prior convictions for DUI. The District Court correctly determined that all of Barrett's DUI convictions should be considered for purposes of sentencing.

¶14 Affirmed.

6

/S/ LAURIE McKINNON

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA