FILED

12/15/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0414

DA 19-0414

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 316N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

LANCE LOVELESS,

Defendant and Appellant.

APPEAL FROM:    District Court of the Sixth Judicial District,
In and For the County of Park, Cause No. DC19-27
Honorable Brenda R. Gilbert, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Herman A. Watson, IV, Watson Law Office, P.C. Bozeman, Montana

For Appellee:

Timothy C. Fox, Montana Attorney General, Roy Brown, Assistant
Attorney General, Helena, Montana

Kendra Anderson, Park County Attorney, Livingston, Montana

Submitted on Briefs:  September 16, 2020

Decided:  December 15, 2020

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On June 18, 2018, Lance Garland Loveless was charged with a first offense of driving with a blood alcohol level of 0.08 or greater, a misdemeanor, pursuant to § 61-8-401(1)(d), MCA. On August 3, 2018, the State amended Loveless's charge to a second offense of driving with a blood alcohol level of 0.08 or greater, a misdemeanor,[1] pursuant to § 61-8-406(1)(a), MCA, upon discovering that Loveless had been convicted of driving under the influence (DUI) in North Carolina in 2015.

¶3 Loveless's blood alcohol level (BAC) was documented as "15" in the 2014 North Carolina charging document, which the lower courts inferred was 0.15. In this case, Loveless's BAC was obtained via breath sample and found to be 0.206.

¶4 On September 14, 2018, Loveless filed a motion to dismiss the charge, arguing that North Carolina's statutory scheme was not sufficiently similar to Montana's. Loveless argued that this precluded his DUI in North Carolina from acting as a prior conviction for enhancement purposes in Montana. In response, the State argued that Loveless's DUI in North Carolina was a per se conviction, and sufficiently similar to Montana's per se statute

---

[1] Pursuant to § 61-8-714, MCA, the first through third offenses are charged as misdemeanors.

2

that in both instances Loveless's BAC was over the shared limit of 0.08. The Justice Court denied Loveless's motion and ruled that the statutory schemes were sufficiently similar to enhance Loveless's Montana DUI charge to a second offense.

¶5 Loveless waived his right to jury trial, and subsequently entered a plea agreement with the provision that he preserved his right to appeal the court's denial of the motion to dismiss. On March 25, 2019, Loveless appealed and filed a motion to stay execution pending appeal to the District Court, which the Justice Court granted.

¶6 On May 29, 2019, the District Court ruled that the statutes in Montana and North Carolina were sufficiently similar and denied Loveless's appeal. The court determined that the per se statutes for North Carolina and Montana both set the BAC limit at 0.08. As it was unknown whether Loveless's North Carolina DUI was charged as a per se or a driving while impaired violation, the District Court analyzed it as a driving while impaired violation. The District Court held that the burden imposed by North Carolina caselaw was a heavier burden than imposed by Montana's standards, thus the North Carolina conviction was sufficient to be used as a prior conviction for enhancement. Loveless appeals.

¶7 Loveless argues that the District Court erred in denying his motion to dismiss and that North Carolina's definition of "under the influence" is not sufficiently similar to Montana's. Thus, Loveless argues the North Carolina conviction cannot support enhancing a DUI conviction in Montana.

¶8 "We review a district court's conclusions of law regarding the application of a statute to determine whether the court's interpretation of the law is correct." *State v. Young*, 2012 MT 251, ¶ 8, 366 Mont. 527, 289 P.3d 110 (citations omitted). "Absent a factual

3

dispute, a decision on a motion to dismiss is an issue of law which we review de novo for correctness." *State v. Barrett*, 2015 MT 303, ¶ 6, 381 Mont. 299, 358 P.3d 921 (citation omitted).

¶9     If another state's law allows a person to be convicted using a lesser standard than Montana, then the statutes are not sufficiently similar for the purposes of enhancing a DUI sentence.  *State v. Polaski*, 2005 MT 13, ¶ 22, 325 Mont. 351, 106 P.3d 538 (citation omitted).  However, if another state's DUI statutes do not use a lesser standard, and are thus sufficiently similar to Montana's, then we will allow the other state's conviction to enhance a DUI in Montana.  *State v. Lund*, 2020 MT 53, ¶ 14, 399 Mont. 159, 458 P.3d 1043.  North Carolina's DUI statute G.S. § 20-138.1 provides:

> (a) Offense. - A person commits the offense of impaired driving if he drives any vehicle upon any highway, any street, or any public vehicular area within this State:
> (1) While under the influence of an impairing substance; or
> (2) After having consumed sufficient alcohol that he has, at any relevant time after the driving, an alcohol concentration of 0.08 or more.  The results of a chemical analysis shall be deemed sufficient evidence to prove a person's alcohol concentration; or
> (3) With any amount of a Schedule I controlled substance, as listed in G.S. 90-89, or its metabolites in his blood or urine.

The per se statutes in Montana and North Carolina have identical BAC limits set at 0.08.

¶10     The Court of Appeals of North Carolina has defined "under the influence" as when a person has consumed a sufficient quantity of intoxicating beverage "to cause him to lose normal control of his bodily or mental faculties to such an extent that there is an appreciable impairment of either or both of these faculties." *Jansen v. Collins*, 374 S.E.2d 641, 643 (1988) (citations omitted).  Montana's definition of "under the influence" is that as a result

4

of taking alcohol or drugs into the body "a person's ability to safely operate a motor vehicle has been diminished." *State v. Luchau*, 1999 MT 336, ¶ 12, 297 Mont. 415, 992 P.2d 840; § 61-8-401(3)(a), MCA.

¶11   Loveless argues that the North Carolina statute proscribes a lower standard and thus cannot be used as a prior conviction in Montana.  We disagree.

¶12   Pursuant to § 61-8-401, MCA, "under the influence" applies when a person's ability to operate a vehicle is *diminished*.   Whereas in North Carolina, the requirement is *appreciable impairment* of either bodily or mental faculties.  G.S. § 20-138.1.  The North Carolina statute sets a higher standard and is sufficiently similar to Montana's statutory scheme.  The North Carolina conviction can be used as a prior conviction to enhance Loveless's sentence in Montana.  *State v. Olsen*, 2017 MT 101, ¶¶ 16-17, 387 Mont. 318, 400 P.3d 214.

¶13   The District Court did not err in determining that North Carolina's DUI statute is similar enough to Montana's DUI statute to allow the enhancement of the Montana DUI to a second offense.  The District Court did not err when it denied the motion to dismiss.

¶14   We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions.  In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15   Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ JIM RICE