No. 03-365

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 13

STATE OF MONTANA,

   Plaintiff and Respondent,

 v.

JOHN LOUIS POLASKI,

   Defendant and Appellant.

APPEAL FROM:  District Court of the Fourth Judicial District,
       In and for the County of Missoula, Cause No. DC 2002-33
       The Honorable Douglas G. Harkin, Judge presiding.

COUNSEL OF RECORD:

   For Appellant:

     John Louis Polaski, *pro se*, Butte, Montana

   For Respondent:

     Honorable Mike McGrath, Montana Attorney General, Jennifer Anders, Assistant Attorney General, Helena, Montana; Fred Van Valkenburg, Missoula County Attorney, Jennifer Johnson, Deputy County Attorney

          Submitted on Briefs: March 2, 2004

             Decided: January 27, 2005

Filed:

       _____
            Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1    John Polaski (Polaski), appearing *pro se*, challenges his fifth conviction for driving while intoxicated (hereinafter DUI).  We affirm.

## ISSUE

¶2    Polaski raises numerous issues but the dispositive issue is whether the District Court erred in its determination that the instant conviction constitutes a fifth DUI felony conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3    On January 9, 2002, Polaski was arrested and incarcerated for three motor vehicle-related misdemeanors and felony Operating a Motor Vehicle With an Alcohol Concentration Over .10, Fifth Offense.  He was subsequently charged by Information for these offenses and bail was fixed at $15,000.

¶4    Between Polaski's arraignment in January 2002, and his February 19, 2003 trial, Polaski was represented by four different attorneys, all of whom he fired.  He ultimately chose to represent himself *pro se*.  The District Court held numerous status conferences and established multiple schedules in an effort to move the proceeding to trial.  The frequent changes of counsel, however, greatly impaired the process.

¶5    On November 19, 2002, Polaski filed a *pro se* Petition for Writ of Habeas Corpus shortly before he moved to dismiss his final attorney.  Both the Habeas Petition and the Motion were addressed at the November 26 status conference.  Polaski was allowed to proceed *pro se* and the State was instructed to respond to Polaski's Habeas Petition.

¶6    On November 27, 2002, Polaski filed several Motions to Dismiss which the District

Court subsequently denied. The court also denied Polaski's Petition for Writ of Habeas Corpus at the same time. On February 19, 2003, a jury unanimously found Polaski guilty of all four counts. Polaski timely appealed from his conviction.

¶7     Subsequently, Polaski was sentenced to thirteen months in state prison with credit for time served. He was also committed to the Department of Corrections for a period of five years. This commitment was suspended on the condition that Polaski complete the Warm Springs Addiction Treatment and Change Program (WATCh) and comply with his probation terms and conditions. It was noted that as of the sentencing hearing, Polaski had been in custody for four hundred and forty-nine days. He was given credit for three hundred and ninety-five days, effectively discharging his thirteen-month prison sentence the day it was imposed. With some restrictions, Polaski was released and instructed to report to the probation department and begin the screening process for the WATCh program.

¶8     On August 12, 2003, while committed to Warm Springs as a WATCh program enrollee, Polaski filed a Petition for Writ of Habeas Corpus with this Court challenging the legality of his "restraint" in the WATCh program. We concluded that the applicable statute required completion of the WATCh program during the thirteen-month prison term and that Polaski could not be compelled to complete said program after his sentence had been served and while he was on probation. We therefore granted Polaski's Habeas Petition and instructed that he be released. Polaski was discharged from the WATCh program in September 2003.

¶9     On appeal, Polaski claims that: 1) his right to effective assistance of counsel was

violated; 2) he was denied bail; 3) he was denied a speedy trial; 4) the District Court was prejudiced against him; 5) he was held beyond the allowed maximum sentence for his charges; 6) he was harshly and excessively punished; 7) he was punished twice for the same offense; 8) the District Court erred in making its determination of a fifth offense DUI (the subject of Polaski's District Court Habeas Petition); and 9) he was denied his Fourth, Sixth, Eighth and Fourteenth Amendment Constitutional rights. In his Appellant's Brief, Polaski prayed for monetary damages but rescinded this request in his Reply Brief upon recognition that such civil damages are not available in a criminal appeal. We conclude that there is no remedy available to Polaski for the majority of these issues. This is because under the circumstances of this case, several issues have been rendered moot and the remaining issues are unsupported by legal argument as required by Rule 23(a)(4) of the Montana Rules of Appellate Procedure. Therefore, we will address only the issue for which a remedy is available--whether his fifth DUI conviction should be set aside.

## STANDARD OF REVIEW

¶10 The District Court's interpretation of § 61-8-734(1), MCA (2001), is a legal conclusion. This Court reviews conclusions of law to determine if they are correct. *State v. Baker*, 2004 MT 393, ¶ 12, ___ Mont. ___, ¶ 12, ___ P.3d ___, ¶ 12.

## DISCUSSION

¶11 Polaski claims that his charge of felony DUI, fifth offense, in January 2002, was erroneous because it was based on previous DUI convictions in California. Polaski's record reveals that he was convicted of DUIs in California on November 1, 1988 (violation on June

19, 1988), May 20, 1996 (violation on January 12, 1992), June 24, 1997 (violation on March 5, 1993), and March 2, 2001 (violation on February 5, 2001). Based on this record, Polaski's January 2002 DUI constituted a fifth DUI offense, rendering it a felony under § 61-8-731, MCA (2001), which states: (1) On the fourth or subsequent conviction under 61-8-714 or 61-8-722 for a violation of 61-8-401 or 61-8-406, the person is guilty of a felony . . . .

¶12 Section 61-8-734(1), MCA (2001), establishes how to determine the number of DUI convictions a person has accumulated. The relevant portion of this statute states:

> (a) For the purpose of determining the number of convictions . . . for a violation of 61-8-401 or 61-8-406, "conviction" means a final conviction, as defined in 45-2-101, in this state; **conviction for a violation of a similar statute or regulation in another state**, . . . . (Emphasis added).

> (b) An offender is considered to have been previously convicted for the purposes of sentencing if less than 5 years have elapsed between the commission of the present offense and a previous conviction, **unless the offense is the offender's fourth or subsequent offense, in which case all previous convictions must be used for sentencing purposes.** (Emphasis added).

¶13 This statute makes it clear that convictions in other states with similar statutes or regulations are to be used to determine the number of convictions. It also makes clear that if the offense is the offender's fourth or subsequent offense, **all** previous convictions **must** be used.

¶14 Polaski initially argued to the District Court that the DUIs committed in 1988, 1992 and 1993 were "expunged" under California law and could not be used against him in any

5

state. He subsequently acknowledged that California does not "expunge" such convictions. Therefore he amended his argument to maintain that California would not or did not count these earlier DUIs against him when he committed his 2001 violation because more than seven years had elapsed between violations. He argues, therefore, that under California law, his 2001 DUI conviction became his "first" conviction, rendering his 2002 Montana DUI his second DUI, a misdemeanor under Montana's law. Polaksi maintains that the District Court and this Court should interpret his DUI conviction record under California law and apply said law in Montana.

¶15    Polaski's argument is flawed. First, Polaski misinterprets the California statute on which he relies. While he committed two of the DUI offenses in 1992 and 1993, he was not convicted of these offenses until 1996 and 1997. Under California Vehicle Code §§ 23217, 23536, 23540, 23546, and 23550, the State of California is authorized to increase the punishment for DUI convictions that occur within seven years of each other. See *People v. Canty* (2004), 90 P.3d 1168, 1176 ("At present, the Vehicle Code imposes increasingly harsh punishments on those drivers who reoffend . . . . [Cal. Veh. Code § 23550 requires] a term of not less than 180 days in jail (or a term in state prison) for a fourth conviction within seven years.") Therefore, even if we apply the California statutes as Polaski requests, the fact remains that Polaski had a 1996, 1997 and a 2001 conviction on his record rendering his 2002 DUI conviction in Montana his fourth DUI, a felony. Second, Polaski misinterprets § 61-8-734(1), MCA (2001). As indicated above, this statute unequivocally allows

6

convictions in other states with similar laws to be counted in determining the number of convictions for sentencing purposes in Montana.

¶16    Therefore, our task is to determine whether the District Court correctly concluded that California's statutes are "similar" to Montana's DUI provisions. To do this, we will compare California's 1988, 1992, 1993 and 2001 DUI statutes to Montana's statutes for those same years. The record indicates that in 1988 Polaski was convicted under Cal. Veh. Code § 23152(b) and in 1996, 1997 and 2001, Polaski was convicted of driving "under the influence" under Cal. Veh. Code § 23152(a).

¶17    California Vehicle Code § 23152(a) was enacted in 1991 and became effective on January 1, 1992. Therefore, the same DUI law was in effect when Polaski was charged with his 1992, 1993 and 2001 California DUIs. The relevant portions of Cal. Veh. Code § 23152(a)(1992-2001) make it "unlawful for any person who is under the influence of an alcoholic beverage or any drug, or under the combined influence of an alcoholic beverage and any drug, to drive a vehicle." In addition to this "under the influence" prohibition, California also had a *per se* DUI provision. Under Cal. Veh. Code § 23152(b)(1988), it was unlawful for a person with a 0.10 percent blood alcohol content (BAC) to drive a vehicle. This law was subsequently amended and by the time Polaski committed his DUI offense in 1992, the prohibited BAC had been lowered to 0.08 percent.

¶18    Montana's DUI statute for the relevant years of 1991-2001, § 61-8-401(1), MCA, stated that it was unlawful and punishable for a person who is "under the influence" of alcohol or drugs to drive or be in actual physical control of a vehicle. Section 61-8-401(3),

7

MCA (1991-2001), further established that a person is "under the influence" when, "as a result of taking into the body alcohol, drugs, or any combination thereof, the person's ability to safely operate a vehicle has been diminished." In addition to this "under the influence" statute, Montana also has a DUI *per se* provision. Section 61-8-406, MCA (1987-2001)[1], made it unlawful for a person with a BAC level of 0.10 percent or greater to drive or be in physical control of a vehicle.

¶19   The District Court did not compare California's "under the influence" statute in Cal. Veh. Code § 23152(a)(1992-2001) with Montana's "under the influence" statute in § 61-8-401, MCA (1991-2001) to determine whether the two were similar. Nor did the District Court compare California's statutory *per se* DUI prohibition in Cal. Veh. Code § 23152(b)(1988) to Montana's statutory *per se* DUI prohibition in § 61-8-406, MCA (1987). Rather, the District Court compared California's statutory prohibition against driving with a BAC of 0.08 percent to Montana's prohibition against driving "under the influence." This was an erroneous comparison.

¶20   In 1988, both Cal. Veh. Code § 23152(b) and § 61-8-406(1)(a), MCA, prohibited a person from driving with a BAC of 0.10 percent. Therefore, Polaski could have been convicted of DUI in either state under the two state laws in effect at that time. This renders the statutes similar for purposes of § 61-8-734(1)(a), MCA.

---

[1]   Beginning in 2003, § 61-8-406, MCA, lowered this 0.10 percent BAC to 0.08 percent.

¶21    We now compare California's "under the influence" statute with Montana's "under the influence" statute. For a defendant to be guilty of driving "under the influence" in violation of Cal. Veh. Code § 23152(a), the alcohol or drug "must have so far affected the nervous system, the brain, or muscles of the individual as to impair to an appreciable degree the ability to operate a vehicle in a manner like that of an ordinarily prudent and cautious person in full possession of his faculties." *People v. Enriquez,* 42 Cal. App. 4th 661, 665 (Cal. Ct. App., 1996). By contrast, for a defendant to be guilty of driving "under the influence" in violation of § 61-8-401(1), MCA (1991-2001), his or her ability to safely operate the vehicle need only be "diminished." Sec. 61-8-401(3), MCA (1991-2001).

¶22    In *State v. McNally*, 2002 MT 160, ¶ 22, 310 Mont. 396, ¶ 22, 50 P.3d 1080, ¶ 22, we concluded that if another state's law allows a person to be convicted using a lesser standard than would be required in Montana for a conviction, the statutes are not similar for purposes of § 61-8-734(1)(a), MCA. While our statutes do not define "diminished," an ordinary definition of the word is "reduced or to a lesser degree." Webster's Third New International Dictionary 634 (1971). We conclude that California's standard of "impaired to an *appreciable* degree" is not a lesser standard but rather would be a standard equal to or greater than our "diminished" standard. Therefore, California's and Montana's "under the influence" statutes are sufficiently similar for purposes of § 61-8-734(1)(a), MCA (2001). As a result of a similar standard in both California and Montana, Polaski could have been convicted in Montana in 1996, 1997 and 2001, for the same conduct for which he was convicted in California.

9

¶23    While we conclude that the comparative analysis performed by the District Court was incorrect, the District Court, nonetheless, reached the legally correct conclusion. As we have stated on numerous occasions, we will affirm a district court when it reaches the correct conclusion even if it did so for the wrong reason. *State v. STM*, 2003 MT 221, ¶ 38, 317 Mont. 159, ¶ 38, 75 P.3d 1257, ¶ 38.

¶24    In addition to instructing how to determine the number of convictions a person has accumulated, § 61-8-734(1)(b), MCA, requires for an offender who commits his or her fourth offense that "all previous convictions must be used for sentencing purposes." In this case, all of Polaski's previous DUIs remained on his record regardless of the years they were acquired and were therefore correctly used for enhanced sentencing purposes. As a result, the District Court did not err in determining that the instant conviction was a fifth offense DUI.

## CONCLUSION

¶25     For the foregoing reasons, we affirm the District Court.


                                                      /S/ PATRICIA O. COTTER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE