No. 04-683

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 132N

TOWN OF WIBAUX, MONTANA,

        Plaintiff and Respondent,

  v.

ROBERT A. BROWN,

        Defendant and Appellant.

APPEAL FROM:    The District Court of the Seventh Judicial District,
                  In and For the County of Wibaux, Cause No. DC 55 2004-1,
                  Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Robert A. Brown, pro se, Wibaux, Montana

        For Respondent:

        R. W. Heineman, City Attorney, Wibaux, Montana

        Honorable Mike McGrath, Attorney General; C. Mark Fowler,
        Assistant Attorney General, Helena, Montana

Submitted on Briefs:  April 12, 2005

Decided:  May 26, 2005

Filed:

_____
                  Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number, and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2      Following a bench trial and conviction in the Wibaux City Court, Robert A. Brown appealed his conviction to the District Court. After a *de novo* bench trial, Brown was again convicted of failure to have current registration on his motor vehicle and failure to have liability insurance in effect. Brown now appeals the District Court's conviction. We affirm.

¶3      We address the following issues on appeal:

¶4      1. Whether the Wibaux County Sheriff had jurisdiction to cite Brown for his violations in the parking lot of a United States post office.

¶5      2. Whether § 25-3-603, MCA, allows a person to drive on Montana highways without registration or insurance.

¶6      3. Whether Brown received the benefit of all legal objections made in the City Court in his District Court trial.

¶7      4. Whether Brown was denied the rule of law because county officials tried to drive him out of town.

2

## FACTUAL AND PROCEDURAL BACKGROUND

¶8 On September 19, 2003, Wibaux County Sheriff George Zorzakis noticed Brown driving a vehicle on Highway 7 with expired California tabs. Zorzakis followed Brown and initiated a traffic stop. Brown turned into the parking lot of the Wibaux Post Office and Zorzakis followed him. During the stop Brown was unable to produce proof of current registration or insurance. Zorzakis cited Brown for failure to have current registration on his motor vehicle, § 61-3-301, MCA, and failure to have liability insurance in effect, § 61-6-301, MCA.

¶9 A date was set for a hearing in the matter, and Brown appeared at the City Court on that date. However, for whatever reason, the City Judge was not in court. Thereafter, the City Judge wrote Brown a letter setting up a new date for the hearing. The City Court later held a bench trial where Brown was found guilty. Brown then appealed to the District Court.

¶10 In the subsequent *de novo* trial, the District Court found that Brown did not have current registration or insurance on his automobile on the date of his citations. It therefore found Brown guilty and sentenced him to pay a fine on both counts, with the total of all fines being $350. Brown now appeals from his District Court conviction on various jurisdictional and procedural issues. Brown does not, however, challenge the District Court's findings that he did not have current registration or insurance on his automobile on September 19, 2003.

**STANDARD OF REVIEW**

¶11    This Court reviews a district court's legal conclusions to determine whether the court was correct.  *State v. Polaski*, 2005 MT 13, ¶ 10, 325 Mont. 351, ¶ 10, 106 P.3d 538, ¶ 10.

**DISCUSSION**

**ISSUE ONE**

¶12    *Whether the Wibaux County Sheriff had jurisdiction to cite Brown for his violations in the parking lot of a United States post office.*

¶13    Brown argues that Zorzakis did not have jurisdiction to give him a citation because at the time they were on post office property.  Brown points to the regulations governing United States post offices, which state "[m]embers of the U.S. Postal Security Force will exercise the powers of special policemen provided by 40 U.S.C. 318 and are responsible for enforcing the regulations in this notice in a manner that will protect Postal Service property."  Because law enforcement jurisdiction is granted to members of the United States Postal Security Force, reasons Brown, the county sheriff lacks that jurisdiction.

¶14    This argument has no merit.  Neither the regulation, nor 40 U.S.C. § 318 (recodified as 40 U.S.C. § 1315), takes jurisdiction away from local law enforcement.  Instead, it merely grants non-exclusive law enforcement jurisdiction to members of the United States Postal Security Force.  Therefore, Zorzakis had jurisdiction to cite Brown in the parking lot of a United States post office.

4

## ISSUE TWO

¶15     *Whether § 25-3-603, MCA, allows a person to drive on Montana highways without registration or insurance.*

¶16     Section 25-3-603, MCA, states:

> The operation by any person, by himself or his agent, of any motor vehicle, whether registered or unregistered and with or without a license to operate, on any public way in this state shall be deemed equivalent to an appointment by such person of the secretary of state or his successor in office to be his true and lawful attorney upon whom may be served all lawful processes in any action or proceeding against him growing out of an accident or collision in which he or his agent may be involved while operating a motor vehicle on any public way in this state; and such operation shall be a signification of an agreement by such person that any such process against him which is served upon the secretary of state or his successor in office shall be of the same force and validity as if served upon him personally.

Brown argues that this language allows him to operate a vehicle without current registration or insurance, § 61-3-301, MCA, and § 61-6-301, MCA, notwithstanding.

¶17     Brown's argument has no merit. Section 25-3-603, MCA, concerns service of process and not criminal liability.

## ISSUE THREE

¶18     *Whether Brown received the benefit of all legal objections made in the City Court in his District Court trial.*

¶19     Brown requested a *de novo* trial in the District Court. Brown cites to irregularities in his City Court trial (such as the City Judge not being in court at the originally scheduled time of Brown's first hearing) and argues that he should have been able to invoke these

5

irregularities in his District Court trial. He cites to § 25-33-301, MCA, which states that in a district court trial *de novo* on an appeal, "Each party has the benefit of all legal objections made in the justice's or city court."

¶20 The problem with Brown's argument is that he *was* given the benefit of all legal objections made in the City Court. This benefit was granted through the *de novo* nature of the District Court trial. As we stated in *City of Billings v. McCarvel* (1993), 262 Mont. 96, 101, 863 P.2d 441, 445, "in this case, the District Court was not a court of review, it was an opportunity for defendant to have a trial de novo without a jury and thereby cure whatever prejudice resulted from the City Court's . . . ." actions. Therefore, because the District Court trial gave Brown a blank slate upon which to make his case anew–a trial *de novo*–he received "the benefit of all legal objections" made in the City Court.

### ISSUE FOUR

¶21 *Whether Brown was denied the rule of law because county officials tried to drive him out of town.*

¶22 Finally, Brown argues that since he moved to Wibaux, various county officials have "continued their nefarious campaigns to drive appellant out of town . . . ." and that "there has been one problem after another in this town." Brown does not elaborate on what these "campaigns" involve, and does not cite to the record in order to support his claim beyond stating that "[t]he record will show." Therefore, we decline to rule upon this issue. *See State v. Burt*, 2000 MT 115, ¶ 20, 299 Mont. 412, ¶ 20, 3 P.3d 597, ¶ 20 (concluding that a claim

6

has no merit because of the failure to specifically cite to anything in the record supporting the claim).

## CONCLUSION

¶23 The judgment of the District Court is affirmed.


/S/ W. WILLIAM LEAPHART


We Concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ JIM RICE