FILED

05/02/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0224

DA 16-0224

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 101

STATE OF MONTANA,

      Plaintiff and Appellee,

    v.

PAUL JULIUS OLSON,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
In and For the County of Lincoln, Cause No. DC 14-50
Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Scott G. Hilderman, Attorney at Law, Kalispell, Montana

      For Appellee:

      Timothy C. Fox, Montana Attorney General, C. Mark Fowler,
Assistant Attorney General, Helena, Montana

      Bernard G. Cassidy, Lincoln County Attorney, Jeffrey Zwang,
Deputy County Attorney, Libby, Montana

Submitted on Briefs:  March 29, 2017

Decided:  May 2, 2017

Filed:

                                     
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Appellant, Paul Julius Olson (Olson), appeals the order of the Eleventh Judicial District Court, Flathead County, which determined that Olson's Texas convictions for driving under the influence (DUI) constituted prior convictions for purposes of sentencing for his current Montana DUI conviction. We affirm and address the following issue:

¶2 *Did the District Court err by determining that Olson's Texas DUI convictions were sufficiently similar to constitute prior convictions under § 61-8-734(1)(a), MCA?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On June 12, 2014, Olson was arrested for DUI by the Lincoln County Sheriff's Department after he was observed weaving in traffic and subsequently failed a field sobriety test. A draw of Olson's blood produced a blood alcohol concentration reading (BAC) of 0.257. Olson was charged with Driving Under the Influence of Alcohol, Fourth or Subsequent Offense, in violation of §§ 61-8-401, 61-8-731, MCA.

¶4 Olson pled guilty to the DUI but challenged the use of his prior DUI convictions. Olson had four prior DUIs in three states during his lifetime: Georgia (1999), Montana (2000), Texas (2005), and Texas (2007). Olson objected to the use of his Georgia and Texas convictions, arguing that he was convicted in those states under a lower standard than Montana law. The District Court disagreed, concluding that, at a minimum, the two Texas DUI convictions were obtained under statutes similar to Montana's statutes, resulting in the present conviction being Olson's fourth offense for purposes of sentencing. The District Court did not address Olson's Georgia DUI conviction.

¶5 Olson appeals.

2

## STANDARD OF REVIEW

¶6 Whether a prior conviction may be used to enhance a criminal sentence is a question of law that we review for correctness. *State v. Krebs*, 2016 MT 288, ¶ 7, 385 Mont. 328, 384 P.3d 98 (citing *State v. Burns*, 2011 MT 167, ¶ 17, 361 Mont. 191, 256 P.3d 944; *State v. Maine*, 2011 MT 90, ¶ 12, 360 Mont. 182, 255 P.3d 64).

## DISCUSSION

¶7 *Did the District Court err by determining that Olson's Texas DUI convictions were sufficiently similar to constitute prior convictions under § 61-8-734(1)(a), MCA?*

¶8 Olson argues that his DUI convictions in Texas were obtained under a lower legal standard than used by Montana, and that Montana law contained a rebuttable inference that Texas lacked, thus disqualifying these prior convictions. The State responds that the differences Olson raises are "insignificant and unsubstantial."

¶9 Montana criminalizes DUI in two ways, the first based upon the capacity of the driver. "It is unlawful and punishable . . . for a person who is under the influence of: (a) alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public." Section 61-8-401(1)(a), MCA. "Under the influence" "means that as a result of taking into the body alcohol, drugs, or any combination of alcohol and drugs, a person's ability to safely operate a vehicle has been *diminished*." Section 61-8-401(3)(a), MCA (emphasis added). If a person has an alcohol concentration of 0.08 or more, there is a rebuttable inference "that the person was under the influence of alcohol." Section 61-8-401(4)(c), MCA.

¶10 The second way Montana criminalizes DUI is based upon a driver's alcohol concentration:

> It is unlawful and punishable . . . for any person to drive or be in actual physical control of: (a) a noncommercial vehicle upon the ways of this state open to the public while the person's alcohol concentration, as shown by analysis of the person's blood, breath, or urine, is 0.08 or more.

Section 61-8-406(1)(a), MCA. Thus, under Montana law, a person may be convicted of DUI either by operating a vehicle while in a "diminished" capacity due to alcohol or drug consumption or simply because his alcohol concentration is 0.08 or higher. *State v. Calvert*, 2013 MT 374, ¶ 8, 373 Mont. 152, 316 P.3d 173 (DUI is charged based upon diminished capacity, commonly known as DUI, or based upon alcohol concentration, commonly known as "DUI per se"); *Krebs*, ¶ 14 (Montana "establishes separate offenses for driving under the influence and for driving with excessive blood alcohol concentration.").

¶11 A fourth or subsequent conviction under Montana's DUI statutes is a felony. Section 61-8-731, MCA. For sentencing purposes, a "conviction" includes not only convictions under Montana's DUI statutes, but also a "conviction for a violation of a *similar* statute or regulation in another state." Section 61-8-734(1)(a), MCA (emphasis added). We have held that "if another state's [DUI] law allows a person to be convicted using a lesser standard than would be required in Montana for a conviction, the statutes are not similar for purposes of § 61-8-734(1)(a), MCA." *State v. Polaski*, 2005 MT 13, ¶ 22, 325 Mont. 351, 106 P.3d 538; *accord State v. McNally*, 2002 MT 160, ¶ 22, 310 Mont. 396, 50 P.3d 1080. "In evaluating whether another state's statutes are similar to Montana's

4

statutes, we compare the statutes in effect at the time the offense was committed." *Calvert*, ¶ 8; *accord Polaski*, ¶ 16. Thus, we here compare the Montana and Texas statutes in effect at the time of Olson's Texas convictions. The Montana statutes in question—§§ 61-8-401, -406, -734, MCA—have remained substantively unchanged since 2003. Organizational differences between Montana's statutes and another state's statutes do not matter, "so long as they contain analogous provisions." *Calvert*, ¶ 8.

¶12 In *McNally*, the defendant argued that his "Driving While Ability Impaired" (DWAI) convictions in Colorado could not be prior convictions for purposes of § 61-8-734(1)(a), MCA. *McNally*, ¶ 6. Unlike Montana, Colorado had three forms of DUI: (1) an offense defined as being "substantially incapable" of safely operating a vehicle; (2) a "per se" offense similar to Montana's; and (3) the DWAI offense, defined as operating a vehicle while under the influence of alcohol or drugs that "affects the person to the slightest degree." *McNally*, ¶¶ 8-10. We reasoned that Montana did not have an offense similar to Colorado's DWAI, because "[i]n Montana, a person simply may not be convicted for DUI if his or her ability is impaired 'to the slightest degree.'" *McNally*, ¶ 22. Thus, we concluded that McNally's Colorado DWAI convictions could not be counted as prior convictions for Montana's sentencing provisions. *McNally*, ¶¶ 22-23.

¶13 In *Polaski*, we found that the California DUI per se provision was similar to Montana's DUI per se statute because they criminalized the same BAC. *Polaski*, ¶ 20; *see also State v. Barrett*, 2015 MT 303, ¶ 9, 381 Mont. 299, 358 P.3d 921. We also concluded that the DUI statutes of the two states were similar, reasoning that Montana's "diminished"

capability standard, which meant "reduced or to a lesser degree," was similar to California's standard of "impaired to an appreciable degree." *Polaski*, ¶¶ 21-22.

¶14 Turning to the issue here, in the subject years 2005 and 2007, the Texas Penal Code criminalized being "intoxicated while operating a motor vehicle in a public place." Tex. Penal Code § 49.04(a) (2005 & 2007). In turn, "intoxicated" was defined as:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.08 or more.

Tex. Penal Code § 49.01(2) (2005 & 2007).

¶15 Comparing these to Montana's provisions, both States set the same level of culpability for DUI per se: an alcohol concentration of 0.08. *Polaski*, ¶ 20; *Barrett*, ¶ 9. Olson argues that the rebuttable inference of diminished driving when having an alcohol concentration of 0.08 under § 61-8-401(4)(c), MCA—Montana's standard DUI statute, not DUI per se—results in a "lower standard of proof" for DUI per se under Montana law. However, this argument is incorrect because a conviction under Montana's DUI per se provision, § 61-8-406, MCA, requires no proof of diminishment. The rebuttable inference of diminishment is set forth in the standard DUI statute, § 61-8-401, MCA, because it is relevant to proving that offense, not DUI per se. Thus, the DUI per se statutes in Montana and Texas are similar.

¶16 Regarding standard DUI, violations under Texas and Montana law are based on similar measures of culpability. Montana requires a person's ability to safely operate a

6

vehicle to be "diminished," while Texas requires a person not have "the normal use of mental or physical faculties." As we held in *Polaski*, "diminished" ability means that a person's ability to safely operate a vehicle is "reduced or to a lesser degree." *Polaski*, ¶ 22. Both Montana and Texas require an appreciable loss of driving ability in order to establish the similar measures of "diminished" or "not having the normal use." This is distinct from the Colorado statutes at issue in *McNally*, which criminalized a third DUI category based upon a hair-trigger impairment standard of merely "to the slightest degree." *McNally*, ¶ 10.

¶17　We conclude that the Texas DUI statutes in 2005 and 2007 were similar to Montana's laws in effect at that time, rendering Olson's Texas convictions as prior convictions for the purposes of § 61-8-734(1)(a), MCA.[1] Because Olson's Texas convictions are sufficient, along with his Montana convictions, to support his felony DUI conviction, we do not address Olson's DUI conviction in Georgia.

¶18　Affirmed.

/S/ JIM RICE

We concur:

/S/ MICHAEL E WHEAT
/S/ JAMES JEREMIAH SHEA
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

---

[1] The record provided on appeal does not clearly explain whether Olson's Texas DUI convictions were for DUI per se, or standard DUI. However, because we conclude that both offenses are similar for purposes of sentencing in Montana, Olson's Texas convictions properly constituted prior offenses, regardless of which statute he was convicted under.