FILED

05/10/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0433

DA 21-0433

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 89

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MICAH NATIONS PANKHURST,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC-2020-129
Honorable Howard F. Recht, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Mathew M. Stevenson, Attorney at Law, Missoula, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Bree Gee, Assistant
Attorney General, Helena, Montana

      Bill Fulbright, Ravalli County Attorney, Angela Wetzsteon, Deputy
County Attorney, Hamilton, Montana

Submitted on Briefs:  March 30, 2022
Decided:  May 10, 2022

Filed:

_____
Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 In July 2021, Micah Nations Pankhurst pleaded guilty to driving under the influence of alcohol (DUI), fourth or subsequent offense, a felony under § 61-8-401, MCA, after the Twenty-First Judicial District Court denied his motion to dismiss. Pankhurst argues that the District Court erred when it determined that Pankhurst's two North Dakota convictions were sufficiently similar to constitute prior convictions under § 61-8-734(1)(a), MCA. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 In September 2020, the State charged Pankhurst with felony DUI pursuant to § 61-8-401, MCA, and related misdemeanors. The State elevated Pankhurst's DUI charge to a felony under § 61-8-734(1)(a), MCA, because of Pankhurst's four prior DUI convictions: two in North Dakota, one in Wyoming, and one in Alaska.

¶3 Pankhurst filed a motion to dismiss, alleging that his prior convictions in North Dakota and Wyoming could not serve as predicate offenses for the enhancement of his DUI charge because the two states' statutes were dissimilar to Montana's statute. The District Court denied Pankhurst's motion, finding that both statutes were "sufficiently similar to serve as . . . predicate offense[s]." Pankhurst subsequently entered into a plea agreement, pleading guilty to felony DUI and reserving his right to appeal the District Court's denial of his motion to dismiss.

**STANDARD OF REVIEW**

¶4 We review de novo the denial of a motion to dismiss in a criminal proceeding to determine whether the district court's conclusion of law is correct. *State v. Lund*, 2020 MT 53, ¶ 6, 399 Mont. 159, 458 P.3d 1043 (citing *State v. Barrett*, 2015 MT 303, ¶ 6, 381 Mont. 299, 358 P.3d 921). Whether a prior conviction may be used to enhance a criminal sentence is an issue of law we review de novo for correctness. *Lund*, ¶ 6 (citing *State v. Krebs*, 2016 MT 288, ¶ 7, 385 Mont. 328, 384 P.3d 98).

**DISCUSSION**

¶5 *Did the District Court err by determining that Pankhurst's two North Dakota convictions were sufficiently similar to constitute prior convictions under § 61-8-734(1)(a), MCA?*

¶6 Pankhurst argues that his two DUI convictions in North Dakota cannot be used as predicate offenses for felony enhancement under § 61-8-734(1)(a), MCA, because the North Dakota statute allows a person to be convicted of DUI under a lesser standard of impairment than what Montana law requires.[1] He asserts that North Dakota, unlike Montana, does not require a nexus between the consumption of an intoxicating substance and impairment of driving ability.

¶7 In Montana, a person may be convicted of DUI if the person operates a vehicle "while in a diminished capacity due to alcohol or drug consumption or simply because his [or her] alcohol concentration is 0.08 or higher." *State v. Olson*, 2017 MT 101, ¶ 10, 387 Mont. 318, 400 P.3d 214 (quotation and citation omitted). Under § 61-8-401(1)(a),

---

[1] Pankhurst does not challenge on appeal the use of his Wyoming conviction as a predicate for felony sentencing.

MCA, the statute under which Pankhurst was charged, "[i]t is unlawful and punishable . . . for a person who is under the influence of . . . alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public[.]" A person is under the influence if, "as a result of taking into the body alcohol, drugs, or any combination of alcohol and drugs, a person's ability to safely operate a vehicle has been diminished." Section 61-8-403(3)(a), MCA. "Diminished" means that "a person's ability to safely operate a vehicle is 'reduced or to a lesser degree.'" *Olson*, ¶ 16 (citing *State v. Polaski*, 2005 MT 13, ¶ 21, 325 Mont. 351, 106 P.3d 538).

¶8    A fourth or subsequent conviction for DUI is punishable as a felony in Montana. Section 61-8-731(1), MCA. A "conviction" for sentencing purposes includes a conviction under Montana law, as well as "a final conviction . . . for a violation of a similar statute or regulation in another state[.]" Section 61-8-734(1)(a), MCA. "[I]f another state's [DUI] law allows a person to be convicted using a lesser standard [of impairment] than would be required in Montana for a conviction, the statutes are not similar for purposes of § 61-8-734(1)(a), MCA." *Olson*, ¶ 11 (quoting *Polaski*, ¶ 22). "In evaluating whether another state's statutes are similar to Montana's statutes, we compare the statutes in effect at the time the offense was committed." *Olson*, ¶ 11 (citing *State v. Calvert*, 2013 MT 374, ¶ 8, 373 Mont. 152, 316 P.3d 173). We thus compare the Montana and North Dakota statutes in effect at the time of Pankhurst's North Dakota convictions.[2]

---

[2] The 2021 Legislature, through Senate Bill 365, revised and recodified the Montana statutes in question—§§ 61-8-401, -731, and -734, MCA—to §§ 61-8-1002, and -1008, MCA. Pankhurst has two North Dakota convictions from 2014 and 2015; we therefore examine the statute in effect at the time of his two convictions.

¶9     For a DUI conviction to be "sustain[ed]" in North Dakota, the State must prove (1) that the defendant was driving a motor vehicle on a public way and (2) that the defendant was driving "while under the influence of intoxicating liquor so as to not possess the clearness of intellect and control of himself that he would otherwise have." *North Dakota v. Salhus*, 220 N.W.2d 852, 856 (N.D. 1974) (citation omitted); *see also* N.D. Cent. Code § 39-08-01(1). Though "under the influence" is not defined by statute in North Dakota, the North Dakota Supreme Court has interpreted the term to mean

> having drunk enough [alcohol] to disturb the action of the physical or mental faculties so that they are no longer in their natural or normal condition; that therefore, when a person is so affected by intoxicating liquor as not to possess that clearness of intellect and control of himself that he would otherwise have, he is "under the influence of intoxicating liquor[.]"

*Christianson v. N.D. Dir., Dep't of Transp.*, 951 N.W.2d 231, 237-38 (N.D. 2020) (quoting *North Dakota v. Berger*, 683 N.W.2d 897, 901 (N.D. 2004)). The "effect" of the "intoxicating liquor," not the "amount," determines whether a person is "under the influence" under North Dakota law. *Christianson*, 951 N.W.2d at 238 (citing *North Dakota v. Hanson*, 73 N.W.2d 135, 140 (N.D. 1955)).

¶10    Pankhurst acknowledges that both Montana and North Dakota require a finding that a driver was "under the influence." He asserts that North Dakota's definition allows a person to be convicted of DUI under a lower standard than in Montana. Pankhurst emphasizes that Montana's definition of "under the influence" requires that a person's ability to safely operate a vehicle be diminished by consuming alcohol, whereas in North Dakota, a person must be only "so affected" by alcohol that he does not "possess that clearness of intellect and control of himself that he would otherwise have." Section

5

61-8-401(3)(a), MCA; *Christianson*, 951 N.W.2d at 238 (citing *Berger*, 683 N.W.2d at 901). Pankhurst contends that North Dakota's definition, unlike Montana's, does not require a nexus between the consumption of an intoxicating substance and the impaired ability to drive.

¶11 In *Olson*, we rejected the defendant's argument that Texas law did not require a showing of "diminished driving" and held that both states' laws "establish[ed] similar measures" of intoxication. *Olson*, ¶¶ 15-16. Texas law prohibits operating a motor vehicle in a public place while intoxicated. *Olson*, ¶ 14 (citation omitted). Texas defines "intoxicated" as "not having the normal use of mental or physical faculties by reason of the introduction of alcohol[.]" *Olson*, ¶ 14 (citing Tex. Penal Code § 49.01(2) (2005 & 2007)). Though Texas's definition, unlike Montana's, does not reference a person's diminished ability to drive, we held that both states "require[d] an appreciable loss of driving ability in order to establish the similar measures of 'diminished' or 'not have the normal use,'" and both statutes therefore were similar under § 61-8-734(1)(a), MCA. *Olson*, ¶¶ 16-17.

¶12 Similar to Texas, a person is intoxicated under North Dakota law if he or she lacks a "clearness of intellect and control of himself" or if his or her "physical or mental faculties" are "[un]natural or [not] normal." *Christianson*, 951 N.W.2d at 238 (citation omitted). North Dakota requires a showing that the defendant was driving a motor vehicle and, as a result of ingesting alcohol, had diminished mental or physical abilities. But Pankhurst maintains that the North Dakota Supreme Court in *Salhus* "expressly rejected the necessity of a connection between consumption of drugs or alcohol and a corresponding

6

diminishment of the ability to drive." The court in *Salhus* upheld the defendant's DUI conviction when the arresting officer observed signs of intoxication, but no evidence was presented that the defendant drove erratically. 220 N.W.2d at 856. The North Dakota Supreme Court explained that "impairment of driving ability need not be proved if the two elements [to establish a DUI] are proved." *Salhus*, 220 N.W.2d at 856.

¶13 Pankhurst's analysis offers only a partial view of North Dakota's DUI jurisprudence. In *Christianson*, the North Dakota Supreme Court held that the level of impairment required to sustain a conviction in North Dakota was "equivalent" to a Canadian DUI statute, despite language in the Canadian statute requiring a nexus between a person's ability to operate a vehicle and his impairment from alcohol. 951 N.W.2d at 237-38. The court explained that in North Dakota, whether a person is under the influence is determined by "the effect" of alcohol on a person's "physical and mental faculties," "not [by] the amount [of alcohol] involved[.]" *Christianson*, 951 N.W.2d at 238 (citing *Hanson*, 73 N.W.2d at 140; *Berger*, 683 N.W.2d at 901). North Dakota law requires further that an officer observe "signs of [physical or mental] impairment" before arresting a person for DUI. *Christianson*, 951 N.W.2d at 238 (citing *Sonsthagen v. Spryncznatyk*, 663 N.W.2d 161, 167 (N.D. 2003)). The court concluded that both the North Dakota and Canadian statutes require equivalent levels of impairment because both statutes look to the effect the alcohol has on the person's cognitive function when determining whether the person is "under the influence." *Christianson*, 951 N.W.2d at 238

¶14 The North Dakota Supreme Court similarly found that North Dakota's DUI statute requires a nexus between alcohol and the defendant's ability to operate a vehicle in *Hanson*.

7

73 N.W.2d at 140. The court there concluded that the trial court did not err when it instructed the jury in a DUI trial that it was "immaterial" how much alcohol the defendant consumed. *Hanson*, 73 N.W.2d at 140. The court reasoned that "[t]he measure of [alcohol's] effect upon the mental and bodily processes of the individual determines whether he was under the influence . . . which to any degree affected his ability to operate his automobile within the meaning of the statute[.]" *Hanson*, 73 N.W.2d at 140.

¶15 *Hanson* and *Christianson* support a conclusion that North Dakota and Montana require equivalent levels of intoxication to convict a person of DUI. Although North Dakota's definition of "under the influence" does not contain identical language requiring a nexus between impairment and driving ability, it does require that a person's mental and physical faculties be diminished by alcohol.

## CONCLUSION

¶16 North Dakota's DUI statute was similar to Montana's laws in effect at the time of Pankhurst's North Dakota convictions, and they are "prior convictions" for the purposes of § 61-8-734(1)(a), MCA. The District Court did not err when it held that North Dakota's DUI statute was a similar statute under § 61-8-734(1)(a), MCA. We affirm.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ JIM RICE

8