FILED

06/17/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 23-0381

DA 23-0381

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 124

STATE OF MONTANA,

Plaintiff and Appellee,

v.

CHRISTOPHER LAPOINTE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC-20-328B
Honorable Rienne H. McElyea, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

James Park Taylor, Attorney at Law, Missoula, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Carrie Garber, Assistant
Attorney General, Helena, Montana

Audrey Cromwell, Gallatin County Attorney, Eric Kitzmiller, Deputy
County Attorney, Bozeman, Montana

Submitted on Briefs:  April 9, 2025

Decided:  June 17, 2025

Filed:

_____
Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Christopher Paul Lapointe appeals from the Eighteenth Judicial District Court, Gallatin County's March 6, 2023 order denying his motion to dismiss a felony enhancement for his driving under the influence ("DUI") charge. Lapointe appeals the District Court's determination that California's DUI statute is sufficiently similar to Montana's DUI statutes such that convictions under the former constitute prior DUI convictions for the purpose of felony enhancement.

¶2 We restate the issue on appeal as follows:

*Whether California's DUI statute is sufficiently similar to Montana's DUI statutes to support a felony DUI charge.*

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 On July 24, 2020, Lapointe was arrested for driving while intoxicated after failing several field sobriety tests and a breathalyzer test indicated he had a BAC of .203. After conducting a records check, the State determined that Lapointe had at least six prior DUI convictions in California. On that basis, the State charged Lapointe with Felony Driving Under the Influence of Alcohol (fourth or subsequent offense) in violation of §§ 61-8-401(a) and -731(1), MCA (2019).[1]

¶4 On August 29, 2022, Lapointe moved to dismiss the felony charge, arguing that California's DUI statute was not sufficiently similar to § 61-8-401(a), MCA (2019), so his

---

[1] Since Lapointe was charged, the legislature conducted an overhaul of Montana's DUI statutes. *See* §§ 61-8-1001–1033, MCA. We decide criminal appeals based on the law in effect at the time that the defendant was charged. *See Polaski*, ¶ 17. Therefore, our analysis is based on the California and Montana statutes in effect in 2020.

California convictions should not be counted as prior convictions. On October 24, 2022, Lapointe pled guilty to Felony DUI, but reserved the right to appeal the District Court's pending ruling on the merits of his motion. On March 6, 2023, the District Court denied Lapointe's motion, finding that his "California convictions [could] be used for sentence enhancement purposes." On April 24, 2023, the District Court sentenced Lapointe to 49 months with the Department of Corrections, with three years suspended.

## STANDARD OF REVIEW

¶5 The District Court's interpretation of § 61-8-734(1)(a), MCA (2019), is a legal conclusion, which we review to determine if it is correct. *State v. Polaski*, 2005 MT 13, ¶ 10, 325 Mont. 351, 106 P.3d 538.

## DISCUSSION

¶6 *Whether California's DUI statute is sufficiently similar to Montana's DUI statutes to support a felony DUI charge.*

¶7 Lapointe's six prior convictions were under California Vehicle Code § 23152, which provides in relevant part:

> (a) It is unlawful for a person who is under the influence of any alcoholic beverage to drive a vehicle.
>
> (b) It is unlawful for a person who has 0.08 percent or more, by weight, of alcohol in his or her blood to drive a vehicle.

¶8 For a DUI conviction in another state to support a "fourth or subsequent offense" felony enhancement under § 61-8-731(1), MCA (2019), the other state's DUI statute must be "similar" to a Montana DUI statute. Section 61-8-734(1)(a), MCA (2019). It is the State's "burden to prove that [a DUI] conviction could be used to support its felony

3

charge." *State v. Krebs*, 2016 MT 288, ¶ 20, 385 Mont. 328, 384 P.3d 98. Lapointe argues that California Vehicle Code § 23152 is not sufficiently similar to § 61-8-401(a), MCA (2019), to support felony enhancement. Section 61-8-401(a), MCA (2019), provides:

> It is unlawful . . . for a person who is under the influence of . . . alcohol to drive or be in actual physical control of a vehicle upon the ways of this state open to the public.

¶9     In *Polaski*, we determined that California Vehicle Code § 23152 and § 61-8-401(a), MCA (2019), were sufficiently similar in their definitions of intoxication to support a felony enhancement. *Polaski*, ¶ 21. Lapointe does not dispute the two statutes' similarity for intoxication purposes but asserts that the two statutes are insufficiently similar as to their "place of offense" elements. An offense under § 61-8-401(a), MCA (2019), must take place "upon the ways of this state open to the public." We have decided several cases giving a broad definition to "ways of this state open to the public" but have also made clear that § 61-8-401(a), MCA (2019), does not apply to drunk driving on private property with limited access. *See City of Whitefish v. Large*, 2003 MT 322, ¶ 18, 318 Mont. 310, 80 P.3d 427 (collecting citations). An offense under California Vehicle Code § 23152 may take place "upon the highways and elsewhere throughout the State." Cal. Veh. Code § 23100; *see also California v. Malvitz*, 14 Cal. Rptr. 2d 698, 699 (Cal. App. 1992) ("[S]ection 23152 . . . prohibits driving under the influence anywhere a vehicle can be driven, regardless of whether the property is publicly or privately owned *and regardless of whether the property is open to the general public*.") (emphasis added).

¶10     Lapointe asserts that we should decide his case using the standard we employed in our line of cases considering whether other states' DUI statutes required sufficiently similar

4

levels of intoxication to Montana DUI statutes to support a felony enhancement. That line began with *State v. McNally*, 2002 MT 160, 310 Mont. 396, 50 P.3d 1080. In *McNally*, we decided that Colorado's Driving While Ability Impaired ("DWAI") statute did not have a sufficiently similar analogue in Montana because no statute in Montana made it an offense to drive while impaired "to the slightest degree." *McNally*, ¶ 22.

¶11    But Colorado's DWAI statute proved to be an anomaly. Since *McNally*, we have not found an insufficiently similar intoxication requirement in another state's DUI statute. In subsequent cases we rejected the idea that the intoxication requirements contained in other states' DUI statutes had to be exactly the same as those in Montana DUI statutes to be "similar." *See, e.g., Polaski*, ¶ 22 (holding California's "impaired to an appreciable degree" was sufficiently similar to Montana's "diminished" ability); *State v. Olson*, 2017 MT 101, ¶ 16, 387 Mont. 318, 400 P.3d 214 (holding Texas' loss of "the normal use of mental or physical faculties" was sufficiently similar to Montana's "diminished" ability); *State v. Pankhurst*, 2022 MT 89, ¶ 12, 408 Mont. 309, 509 P.3d 15 (holding North Dakota's lack of "clearness of intellect and control of himself" was sufficiently similar to Montana's "diminished" ability in spite of a North Dakota ruling that "[i]mpairment of driving ability need not be proved if the two elements [to establish a DUI] are proved") (quoting *North Dakota v. Salhus*, 220 N.W.2d 852, 856 (N.D. 1974)).

¶12    *State v. Cleary*, 2012 MT 113, 365 Mont. 142, 278 P.3d 1020, is the only other case in which we have held that another state's statute was facially insufficient to support a felony enhancement. Cleary pled guilty to a DUI in South Dakota in 2007, and the court in that case entered a suspension order under a clemency power granted to it by South

Dakota statute. *Cleary*, ¶ 7. In 2008, the court entered an order dismissing the case and expunging it from Cleary's record based on his compliance with the conditions of its suspension order. *Cleary*, ¶ 8. Cleary was charged with felony DUI in Montana in 2010 based, in part, on his South Dakota DUI. *Cleary*, ¶ 1. Cleary moved to dismiss the felony enhancement, arguing that South Dakota's clemency procedure rendered his prior DUI insufficiently similar based on the "conviction" requirement in § 61-8-734(1)(a), MCA. *Cleary*, ¶ 11. We determined that cases resolved under South Dakota's clemency statute could not be used to support a felony enhancement because Montana did not "have a 'judicial clemency' statute or anything remotely similar." *Cleary*, ¶ 23.

¶13 The contrast between our analyses in *McNally* and *Cleary* on the one hand and our other intoxication similarity cases on the other demonstrates a common sense understanding of similarity. The statutes at issue in *McNally* and *Cleary* were not similar to Montana statutes, because a substantial number of cases resolved under those statutes would not have resulted in convictions under Montana law. The statutes at issue in *Polaski*, *Olson*, *Pankhurst*, and others were similar to Montana statutes because the vast majority of cases decided under those statutes would have resulted in convictions under Montana law. That Pankhurst could point to a North Dakota case where the conviction would not have held up under Montana law did not change the fact that the statutes were similar. In short, similar means similar, not exactly the same.

¶14 California has only one DUI statute, so a defendant charged with DUI in California will be charged under California Vehicle Code § 23152 regardless of where the offense takes place. Lapointe does not point to any evidence that the majority of the offenses

6

charged in California as DUIs take place on limitedly accessible private property.[2]  In fact, he cites only one case where such an offense was charged.  As in *Pankhurst*, this single citation is insufficient to undermine the statute's similarity.  Therefore, we conclude that California Vehicle Code § 23152's "place of offense" element is sufficiently similar to § 61-8-401(a), MCA (2019)'s to support a felony enhancement.

**CONCLUSION**

¶15   California's DUI statute was sufficiently similar to Montana's laws in effect at the time of Lapointe's California convictions and count as "prior convictions" for the purposes of § 61-8-734(1)(a), MCA (2019).  The District Court did not err when it denied Lapointe's motion to dismiss the felony enhancement.  The District Court's Order denying Lapointe's motion to dismiss is affirmed.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ CORY J. SWANSON
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

Chief Justice Cory J. Swanson, concurring.

¶16   I concur in the Majority Opinion.  I write separately to point out LaPointe's argument against stacking of DUI-related convictions without the element "on the ways of

---

[2] Nor does Lapointe assert that any of his California convictions were the result of circumstances that would not have resulted in a conviction under Montana law.  Therefore, we need not consider whether Lapointe may have been entitled to challenge the felony enhancement on that basis.

7

the state open to the public" would not be persuasive, even if we were considering only Montana convictions. Under the 2019 version of § 61-8-731(1), MCA, a felony DUI includes four or more convictions under an entire range of DUI-related statutes. Many of these other convictions do not require the State to prove a defendant operated a motor vehicle "on the ways of the state open to the public."

¶17 For example, it is unlawful to "drive or be in actual physical control of a vehicle within this state" while under the influence of either a dangerous drug or any other drug. Section 61-8-401(1)(b), (c), MCA (2019). Similarly, it is unlawful to "drive or be in actual physical control of a vehicle within this state" if under the influence of a combination of alcohol and drugs. Section 61-8-401(1)(d), MCA (2019). Vehicular Homicide While Under the Influence is a stackable DUI-related offense.[1] It requires a person to negligently cause the death of another human being "while the person is operating a vehicle in violation of [the DUI statutes]," including § 61-8-401, MCA. Section 45-5-106(1), MCA (2019). Negligent Vehicular Assault, § 45-5-205(1), MCA (2019), is committed when a person "negligently operates a vehicle . . . while under the influence" and "who causes bodily injury to another." Criminal Child Endangerment, § 45-5-628(1)(e), MCA (2019), requires a defendant to "operat[e] a motor vehicle under the influence . . . with a child in the vehicle." The DUI stacking statute even includes Negligent Homicide, § 45-5-104(1), MCA (2019), "if the person negligently causes the death of another human being" "while

_____

[1] A single prior conviction of this offense renders any subsequent DUI charge a felony. Section 61-8-731(1), MCA (2019).

8

the person was operating a vehicle while under the influence." Sections 45-5-104(1), 61-8-731(1), MCA (2019).

¶18    LaPointe's argument would require us to reach an absurd construction of the DUI penalty stacking statute.  If a court cannot consider California's DUI convictions for operating a motor vehicle under the influence anywhere within that state, then how can the same statute expressly permit including Montana DUI convictions anywhere within this state?  The California convictions are sufficiently similar to Montana DUI convictions, and the District Court correctly considered them in sentencing LaPointe.

/S/ CORY J. SWANSON